## BURTON *v.* WEST JERSEY FERRY COMPANY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Argued April 9, 1885.—Decided April 20, 1885.

A general exception to a charge, which does not direct the attention of the court to the particular portions of it to which objection is made, raises no question for review by this court.

The failure of a steam ferry company, engaged in transporting passengers for hire across a river, to provide seats enough for all, is not negligence, entailing liability for injury by accident, unless it appears that a less number of seats was provided than was customary and sufficient for those who ordinarily preferred to be seated while crossing.

The facts which make the case are stated in the opinion of the court.

*Mr. Jerome Carty* [*Mr. B. Frank Clapp* and *Mr. Mayer Sulzberger* were with him] for plaintiff in error.

*Mr. Richard C. Dale* [*Mr. Samuel Dickson* was with him] for defendant in error.

Mr. Justice Harlan delivered the opinion of the court.

The plaintiff in error, who was plaintiff below, took passage at Camden, New Jersey, for Philadelphia, on a ferry-boat belonging to the defendant, a New Jersey corporation engaged in the business of transporting passengers, animals, and vehicles across the Delaware between those cities. On that trip the boat was unusually crowded with passengers. The river at the time was very full of ice, and it was difficult for the boat to get across and enter the ferry slip on the Philadelphia side. The wharf on that side was reached only after repeated efforts. In the attempt to land the boat was driven against the bridge with such force as to throw the plaintiff and a number of other persons (all of whom were standing during the passage across the river) with great violence upon the floor. The fall caused serious and, perhaps, permanent injury to the plaintiff. In this action she claims damages from the defendant upon the ground that her injuries resulted from the careless and negligent management of the ferry-boat by its agents and servants. The plaintiff made a case entitling her to go to the jury upon the issue as to the defendant's negligence. But there was, also, proof tending to show that the striking of the boat against the wharf on the Philadelphia side occurred under peculiar circumstances, and could not, perhaps, have been avoided by any diligence upon the part of the agents of the defendant.

When the evidence was concluded, and after the parties submitted their requests for instructions, the court delivered its charge upon the whole case, reading to the jury the instructions asked by either party that were approved, and accompanying them with such observations, by way of explanation or qualification, as it deemed necessary.

The third and fourth points submitted in behalf of plaintiff were overruled. They were as follows:

"Third. If the jury believe from the evidence that the defendants received the plaintiff as a passenger, and that they failed to provide her with a seat, or that she was unable to

obtain a seat by reason of the crowded condition of the boat, and while standing in the cabin she was, without any fault of her own, thrown down and injured by a sudden shock to the boat, then the defendants are guilty of negligence, and your verdict should be for the plaintiff.

"Fourth. If the jury believe from the evidence that the defendants received the plaintiff, a woman 67 years of age, as a passenger, and that they failed to provide her with a seat, or that she was unable to obtain a seat by reason of the crowded condition of the boat, and while standing in the cabin she was, without any fault of her own, thrown down and injured by a sudden shock to the boat, then the defendants were guilty of negligence, and your verdict should be for the plaintiff."

At the conclusion of the charge, the plaintiff, by counsel, excepted to the overruling of her third and fourth points, and, also, to "the charge and opinion" of the court. No other exceptions were taken.

1. The general exception to the charge did not direct the attention of the court to the particular portions of it to which the plaintiff objected. It, therefore, raises no question for review by this court. *Connecticut Life Ins. Co.* v. *Union Trust Co.*, 112 U. S. 250, 261, and authorities there cited.

2. The only question for determination relates to the refusal of the court to instruct the jury as indicated by the third and fourth points of the plaintiff, which involve, substantially, the same proposition. Those points were properly overruled. Under the theory of the case which they present, the jury—although the sudden shock to the boat, from which plaintiff's injuries immediately resulted, may have occurred without want of care or skill upon the part of the defendant's servants—would have been required to find for the plaintiff, if the defendant failed to provide her with a seat, or if she was unable, by reason of the crowded condition of the boat, to obtain one. In other words, that the mere failure of the company to provide a seat for a passenger on its boat was, in law, and of itself, proof of negligence. It appeared in evidence that the boat was provided with seats; but it did not appear that a less number was provided than was customary and sufficient for those who

ordinarily preferred to be seated while crossing in ferry-boats between Camden and Philadelphia. No circumstances were disclosed that would have justified the jury in finding that a proper degree of care, upon the part of defendant, required it to provide seats sufficient for the accommodation of all the passengers that its boat could safely carry, or of such number of passengers as ordinarily travelled upon it.

The judgment is

*Affirmed.*