## VAN STONE *v.* STILLWELL & BIERCE MANU-FACTURING COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 113. Submitted November 25, 1891. — Decided December 21, 1891.

In regard to bills of exceptions Federal courts are independent of any statute or practice prevailing in the courts of the State in which the trial was had.

Under the pleadings as framed and the issues as made up in this case the court was bound to admit evidence.

In the absence of a specification wherein evidence offered was improper or irrelevant this court is bound to presume that it was properly admitted.

A matter resting in the discretion of the trial court is not assignable for error here.

The overruling of a motion for a new trial in the court below cannot be assigned for error.

A general exception to the charge of the court as a whole cannot be considered here.

A mechanics' lien is a creature of statute, not created by contract, but by statute, for the use of the materials, work and labor furnished under the contract, and the contract is presumably entered into in view of the statute.

It is settled law in Missouri that a contractor does not waive his right to file a mechanics' lien by receiving from the owner of the building a promissory note for the amount due, payable at a time beyond the expiration of the period within which he is required to file his lien; but,

within the period within which suit must be commenced to enforce the lien, the taking of the note merely suspends the right of action.

The plaintiff agreed to construct a flour mill for the defendant, the work to be done at a specified day. After the expiration of that day defendant wrote to plaintiff that the mill was satisfactory, but that the corn-rolls did not work to his satisfaction, and that when they were made to do satisfactory work he should be ready to pay for the entire work. This was completed and accepted within about two months. *Held,* that this amounted to an agreement to pay if the completion was done within a reasonable time, and that this was a question for the jury to determine under proper instructions from the court.

THE court stated the case as follows:

This was an action under a statute of Missouri to have a mechanics' lien declared and enforced against certain described property, consisting of a mill and grounds, situated in Marshall in that State. It was originally brought in one of the state courts by the Stillwell and Bierce Manufacturing Company, an Ohio corporation, claiming under an assignment from one Fred. J. Schupp, against the plaintiff in error, C. H. Van Stone, and was subsequently removed into the Federal court, on the ground of diverse citizenship of the parties.

The amended petition, framed under the code practice of the State, contained three counts. The first was a declaration on a written contract between Schupp and Van Stone, dated January 16, 1885, by the terms of which the former agreed to construct in the elevator building of the latter, in Marshall, a flouring mill, on the improved roller process, with a capacity of making from fifty to seventy-five barrels of flour a day and of grinding from three hundred to four hundred bushels of corn into meal in a day of twenty-four hours. The contract further stipulated that the mill should be constructed in a good and workman-like manner, and, when completed, should be up to the standard of other mills, and particularly a certain mill known as the Aulville mill, at Aulville in that State, and should be satisfactory to one Frank Summerville, whose opinion in that respect was to be binding on both parties to the contract; and that the materials used in its construction, with the exception of such as were on the premises, should be furnished by Schupp,

who was also to be at all the expense of such construction, the mill to be completed and ready for use before August 1, 1885. The price agreed upon for the construction of the mill was $8200, $500 to be paid April 1, 1885, $500, May 1, 1885, $1200, upon the delivery of the mill, and for the remainder, $6000, Van Stone was to give to Schupp his three equal promissory notes of $2000 each, due in one, two and three years, respectively, with interest at 7 per cent per annum, payable annually, and which were to be "well secured" on real estate, the sufficiency of such security to be determined by one William H. Wood, Esq., of Marshall, or, in the event of his failure to act, by J. H. Cordell of the same city.

The petition further alleged that Schupp complied fully with the terms of the above contract, except as to the time when the mill was to be completed, the machinery for grinding corn not working satisfactorily at that time, but that, upon this point, the defendant by an instrument in writing waived his right to demand a full compliance, and agreed to pay for the entire work when that portion of it was completed, at the same time accepting all that part of the work intended for making flour; and that afterwards, to wit, on the 16th of October, 1885, the mill was completed to the satisfaction of said Summerville and was accepted by the defendant, and was turned over to him, he waiving all exceptions on account of its not having been completed within the time specified in the contract, and at various stated times previous thereto having paid thereon a total sum of $3044.12. It was then alleged that the defendant failed and refused to pay the remainder due on the contract, or to execute his notes therefor, as agreed upon, whereupon Schupp took such proceedings under the Missouri statute as entitled him to a mechanics' lien on the mill and the grounds on which it was situated, for the balance due him on the contract, to wit, $5392.53; and that Schupp, afterwards, for a valuable consideration, assigned and transferred to the plaintiff all his accounts against the defendant arising out of the contract, or in anywise connected with it, including said mechanics' lien, wherefore plaintiff became entitled to recover from the defendant said sum of $5392.53, with interest, etc.,

and also to a mechanics' lien upon the property referred to; for which amount it prayed judgment and asked that the same be made a lien upon the property aforesaid, as provided by law.

The second count was in the nature of a count in assumpsit for labor performed, materials furnished, money paid out, expended, etc., etc., and sought a recovery against the defendant for the value of the work and labor performed and material furnished by Schupp in the construction of a mill for the defendant, in a like amount as in the first count stated, and asked an enforcement of a mechanics' lien upon the mill property, as was done in the first count.

The third count was for extra labor and materials furnished by Schupp in building a mill under a contract with the defendant, and like relief was asked.

The answer admitted the contract declared upon in the first count, but denied every other allegation of the petition, especially those respecting the performance by Schupp of his part of the contract, and the waiver by defendant as to the time of the completion of the mill; and claimed damages for the failure of Schupp to complete the mill within the time specified in the contract, in excess of the amount claimed by the plaintiff to be due thereon.

A replication was filed, and the case proceeded to trial before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff for the sum of $5898.85, including interest, which judgment was made a lien upon the mill property, under the provisions of the state statute. To reverse that judgment this writ of error was sued out.

There was no assignment of errors annexed to and sent up with the record, as provided by Rev. Stat. § 997, but in the brief of counsel for plaintiff in error the following assignment occurs:

"(1) The court erred in admitting any evidence in the case.

"(2) The court erred in submitting the case to the jury, and entering up a judgment upon the verdict.

"(3) The court erred in refusing to sustain the demurrer to the evidence offered by plaintiff in error.

" (4) The court erred in overruling the motion for new trial asked by plaintiff in error.

" (5) The court erred in overruling the motion in arrest of judgment, asked by plaintiff in error.

" (6) The court erred in entering up judgment recognizing and enforcing a mechanics' lien.

" (7) The court erred in construing exhibit 'A' (which is letter of Van Stone to Schupp, found at page 16 of printed record) to be a waiver of the time in which the mill was to be completed.

" (8) The court erred in overruling the demurrer to the evidence."

*Mr. S. M. Stockslager* and *Mr. Samuel M. Boyd* for plaintiff in error.

Under the contract in this case all cash payments provided for therein, and about $830 more, had been paid prior to the completion of the mill, and by the express terms of the contract the remainder of the contract price was to be paid by notes and deed of trust on real estate, the notes payable in one, two and three years after the completion of the mill. The contract itself shows that the intent of the parties was that there should be no mechanics' lien.

That class of cases in which the taking of a promissory note is declared not to be a waiver of the lien, are cases where, under the original contract, the contractor's right to a lien was not excluded, and where by his work the right to the lien had accrued. He could then waive it.

But under a contract, like the one in this case, where the existence or creation of the lien was by the terms of the contract prohibited or prevented, there could be no such thing as a waiver of lien. There could be none to waive or lose.

Even if by any breach of the contract by the owner, the contractor could have been entitled to a lien, he certainly could not become entitled to it by his own wrong.

In this case the contract was to have the mill completed by August 1, then to have it tested, and, if not up to contract, the contractor to have fifteen days in which to complete it.

He did not complete it for nearly two months, and then demanded to be paid more money than the contract price.

He was certainly in fault in not completing the mill in time, and wrong in demanding anything in excess of his contract. Can he, under such circumstances, abandon a contract by which he was to be paid in one, two and three years, and demand immediate payment? It would seem to be allowing him to have an advantage from his own wrong.

No counsel appeared for defendant in error.

MR. JUSTICE LAMAR, after stating the case, delivered the opinion of the court.

It is manifest from an inspection of this assignment that it is entirely too general to meet the requirements of the 21st rule of this court. It was evidently framed with reference to the code practice of the State in which the cause was tried; but nothing is better settled in this court than the proposition that "in regard to . . . bills of exceptions, courts of the United States are independent of any statute or practice prevailing in the courts of the State in which the trial was had." *Fishburn* v. *Chicago, Milwaukee &c. Railway Co.,* 137 U. S. 60. We shall, however, refer to the errors assigned, in detail, more for the purpose of showing the insufficiency of most of them, under the rule, than to go into the merits of the case upon the questions thus attempted to be raised.

It requires nothing more than a mere statement to show that the first error assigned is without foundation. Under the pleadings as framed and the issues thus made up, it was not only *not* error for the court to admit evidence in the case, but it would have been a grave error to have refused to allow the admission of evidence. Moreover, the record fails to show that any objection of any kind or character was made by plaintiff in error to the introduction of evidence.

With respect to the third and eighth errors assigned, it may be said that they are as untenable as the first. A general demurrer to the evidence was interposed by the plaintiff in error at the close of the testimony offered by the plaintiff below,

(defendant in error,) and the same was overruled, to which ruling an exception was taken and duly noted. There had been *some* evidence offered in support of the contention of the plaintiff, and the weight of it, under the law, was for the jury to determine. It is not specified wherein the evidence offered was improper or irrelevant to prove the issue; and in the absence of such showing we are bound to presume that the court committed no error in this respect. The assignment is too general, under the rule. Moreover, such a motion or proceeding is addressed more to the discretion of the court than to the merits of the cause. In the language of this court in *Suydam* v. *Williamson*, 20 How. 427, 436: "A demurrer to evidence is defined by the best text writers to be a proceeding by which the court in which the action is depending is called upon to decide what the law is upon the facts shown in evidence, and it is regarded in general as analogous to a demurrer upon the facts alleged in pleading. When a party wishes to withdraw from the jury the application of the law to the facts, he may, by consent of the court, demur in law upon the evidence, the effect of which is to take from the jury and refer to the court the application of the law to the facts, and thus the evidence is made a part of the record, and is considered by the court as in the case of a special verdict. A mere description of the proceeding is sufficient to show that it is the evidence, and nothing else, that goes upon the record. Since it was determined that a demurrer to evidence could not be resorted to as a matter of right, it has fallen into disuse; and as long ago as 1813 it was regarded by this court as an unusual proceeding, and one to be allowed or denied by the court in the exercise of a sound discretion under all the circumstances of the case;" citing *Young* v. *Black*, 7 Cranch, 565; *United States Bank* v. *Smith*, 11 Wheat. 171; *Fowle* v. *Common Council of Alexandria*, 11 Wheat. 320. Being a matter resting in the discretion of the trial court, the action of that court in the premises is not assignable for error.

With respect to the fourth error assigned, it is sufficient to say that the overruling of a motion for a new trial in the court below cannot be assigned for error, and no authorities need be cited in support of the proposition.

The second error assigned is equally vague and without merit. It could not have been error on the part of the court to submit the cause to the jury upon the evidence adduced. The evidence was relevant upon the issues as framed, and the weight to be given to it lay with the jury, who were the proper arbiters of the facts in the case. There was a general exception to the charge of the court as a whole, but such an exception cannot be considered here, under well-settled rules of law. *Lucas* v. *Brooks*, 18 Wall. 436; *Burton* v. *West Jersey Ferry Co.*, 114 U. S. 474. The verdict was responsive to the issues, and the judgment of the court followed, as a matter of course. *Pomeroy's Lessee* v. *Bank of Indiana*, 1 Wall. 592, 598.

The fifth and sixth alleged errors go more to the merits of the action than any we have yet considered. "A motion in arrest of judgment can only be maintained for a defect apparent upon the face of the record, and the evidence is no part of the record for this purpose." *Bond* v. *Dustin*, 112 U. S. 604, 608; *Carter* v. *Bennett*, 15 How. 354. To bring the case within this rule it is argued that no evidence was offered tending to show a compliance on the part of the plaintiff or its assignor with the mechanics' lien law of Missouri; and that, upon the verdict rendered by the jury, the court was without authority to enter up a judgment recognizing and enforcing such a lien. It is manifest that the motion in arrest of judgment can be sustained only upon the theory that the court was without any authority to enter up a judgment recognizing and enforcing a mechanics' lien upon the property, since that would be the only defect upon the face of this record which we could consider upon such a motion.

The argument against the right of the court to enter up a judgment recognizing and enforcing a mechanics' lien is based on the theory that the contract between Schupp and Van Stone, under which the mill was built, providing, as it did, for the payment of the price in instalments to become due after the time limited by the statute (9 months) within which an action to enforce the lien is required to be commenced, which deferred payments were to be secured upon real estate of the plaintiff in error, was an express waiver of the lien, and

the breach of that contract by Van Stone did not restore to the contractor his right to claim a lien.

This argument rests upon a misconception as to the nature and character of a mechanics' lien. This lien is a creature of the statute, and was not recognized at common law. It may be defined to be a claim created by law for the purpose of securing a priority of payment of the price and value of work performed and materials furnished in erecting or repairing a building or other structure, and as such it attaches to the land as well as the buildings erected thereon. 15 Amer. & Eng. Encyc. Law, 5. Now, it is not the contract for erecting or repairing the building which creates the lien, but it is the use of the materials furnished and the work and labor expended by the contractor, whereby the building becomes a part of the freehold, that gives the material man and laborer his lien under the statute. The lien is brought into operation by virtue of the statute, and the contract for building is entered into presumably in view of, or with reference to, the statute.

The rule seems to be established in Missouri, and it is so in many of the other States, that a contractor does not waive his right to file a mechanics' lien by receiving from the owner of the building a promissory note for the amount due, payable at a time beyond the expiration of the period within which he is required to file his lien, but within the period within which suit must be commenced to enforce the lien, the taking of the note merely suspending the right of action. *McMurray* v. *Taylor*, 30 Missouri, 263; *Ashdown* v. *Becker*, 31 Missouri, 465; *Jones* v. *Hurst*, 67 Missouri, 568, 572. This rule is based upon the principle, recognized in that State, that the execution of a note for a preëxisting debt is not a payment of the debt, but only presumptively so; but a party relying upon that principle must, in an action on the original debt, produce the note for cancellation. Authorities last cited; *Brooks* v. *Mastin*, 69 Missouri, 58; *Doebling* v. *Loos*, 45 Missouri, 150.

Under this rule of law, the contention of the plaintiff in error must fail. For, *a fortiori*, would the right to file the lien remain, where, as in this case, no notes were given at all, but the agreement to give them was broken by the owner of

the building and premises. That agreement out of the way, the contractor or builder or material man occupied a status created by the law, viz., was possessed of a right to claim a mechanics' lien. This claim, it is admitted in the record, he asserted in accordance with the law, and this suit was brought by his assignee for the enforcement of such claim. The original contract for payment of the amount due on the contract in instalments having been broken by the plaintiff in error, the defendant in error had the right to elect to declare the whole sum due at once, and proceed to the enforcement of its lien. It follows, therefore, that there was no error in the action of the court in entering up a judgment recognizing and enforcing such lien. That being true, there was no error, so far as this record shows, in overruling the motion made in arrest of judgment.

But one alleged error remains to be considered, viz., the seventh. Exhibit " A," referred to therein, is a letter from Van Stone to Schupp, as follows:

" Marshall, Mo., Aug. 6, 1885.

" F. J. Schupp, Esq., Marshall.

" Dear Sir: The flour mill put up by you for me is satisfactory to me and is hereby accepted. The corn-rolls do not work to my satisfaction. Whenever such rolls are put in or shall do satisfactory work. I shall be ready to pay for the entire work.

" C. H. VAN STONE."

It is urged that the court below erred in construing this letter to be a waiver of the time within which the mill was to be built. So far as concerns that portion of the letter relating to the part of the mill used for the manufacture of flour, it is an unconditional acceptance. It could not be made more positive. Nor do we think the latter part of the letter relating to the corn-rolls is susceptible of any other construction than the one put upon it by the court. By the language there used the plaintiff in error bound himself to pay for the entire work whenever it should be completed so that the corn-rolls

would do satisfactory work. There is nothing in that letter to indicate that any particular time was in the minds of the parties as to when such work was to be completed. Of course, the law implies that the completion of the work should not be unnecessarily prolonged. It should be done in a reasonable time. It was completed on or before October 16, 1885, for on that day it was accepted as satisfactory by Summerville, who, as before stated, had been agreed upon as a referee to determine when the mill did satisfactory work. Whether the period between August 6 and October 16, during which time the corn-rolls were being perfected, was an unreasonable time, or too great a delay, was in reality a question for the jury to determine, under proper instructions from the court. As no error is assigned to the charge of the court in this respect, and no exception was taken to the charge as given, except to it as an entirety, it must be presumed that no error was committed in this behalf; and that the jury found all the elements of an acceptance, by the plaintiff in error, of the completed mill.

*Judgment affirmed.*