# THOMAS *v.* PRESBREY.

PROMISSORY NOTES; PARTNERSHIP; AUTHORITY OF ONE PARTNER TO BIND FIRM; PRACTICE; EXCEPTIONS TO CHARGE; APPEALABLE ORDERS.

1. Prayers for instruction which submit to the determination of the jury the questions whether, and under what circumstances, the making and endorsing of a promissory note by one partner will bind his firm; whether, under the facts of the case, one partner is estopped to deny the authority of his copartner to endorse in the firm's name, no definition of what constitutes an estoppel being given; and whether the firm is liable on notes endorsed by one partner in the firm's name, are properly refused, as requiring the jury to determine questions of law.
2. A general exception to a charge, which does not direct the attention of the court to the particular portions of it to which objection is made, raises no question for review on appeal.
3. An order overruling a motion for a new trial is not appealable.

No. 393. Submitted January 16, 1894. Decided January 23, 1895.

HEARING on an appeal by the plaintiff from a judgment in an action on promissory notes. *Affirmed.*

The COURT in its opinion stated the case as follows:

This case has been in this court on a former appeal, and is reported in 1 App. D. C. 71. The judgment then appealed from was reversed, and the case remanded for a new trial. The new trial was had and the case is here on a second appeal. At this last trial below there was a verdict for the plaintiff, Robert J. Thomas, against Frank M. Green, one of the defendants, for the full amount of the notes in suit, and a general verdict for Otis F. Presbrey, the other defendant. There was a motion by the plaintiff for a new trial, which was overruled.

On this last trial, there were two exceptions taken by the plaintiff. The first, to the refusal by the court to grant

several prayers for instruction, offered by the plaintiff; and the second, to the general charge of the court to the jury.

[The prayers for instruction offered on behalf of the plaintiff, the refusal of which is assigned for error, were as follows:

" 2. That if the notes were made under such circumstances as would bind the firm, then the indorsement is binding upon the firm, whether Presbrey derived any benefit therefrom or not.

" 4. That in an action upon promissory notes indorsed by one partner in the name of a non-commercial partnership, without express authority of his partners, which were not used in the business of the firm, the issue whether the other party was estopped to deny the authority to indorse the notes in the name of the firm, is one for the jury under all the facts of the case and is not one of law for the court.

" 5. If the jury believe from the evidence that the firm of Presbrey & Green is liable on the indorsement of the notes by Green in the name of Presbrey & Green, and if they also believe from the evidence that Thomas bought the notes without knowledge that there was in the making or indorsing of the notes any fraud, misconduct, or excess of authority by the partner who signed and indorsed them, then they must find for the plaintiff.

" 6. That partners are severally and jointly bound, and that a judgment can be rendered against one or both members of the firm."—REPORTER.]

*Messrs. Critcher & Critcher* for the appellant.

*Mr. A. A. Hoehling, Jr.,* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

*As to the first exception.* At the close of the evidence the plaintiff offered six prayers for instruction; the first and third of which were granted; and the second, fourth, fifth and sixth were refused. The bills of exception contain no prayers offered by the defendants.

The second prayer of the plaintiff was properly refused, because it required the jury to determine the question of law, whether, and under what circumstances, the making of the notes would bind the firm. This was plainly a question of law, depending upon the facts to be found by the jury. The fourth prayer asked the court to say to the jury that the question, whether one of the partners was estopped to deny the authority of another partner to indorse the notes sued on in the name of the firm, was one for the jury, under the facts of the case, and not one of law for the court. This proposition was not only erroneous in principle, but was quite inconsequential as means of instruction to the jury, without a definition of an estoppel; and that was for the court to give. The facts to constitute the estoppel, if an estoppel had been created, would have been for the jury to find, but what will constitute an estoppel in any given case is a question of law for the court. The prayer was properly rejected by the court. The fifth prayer was likewise properly rejected, because it proposed to submit to the jury a question of law; viz., whether the firm of Presbrey & Green was liable on the indorsements of the notes by Green in the name of Presbrey & Green. That was the principal question involved in the trial of the case, and its determination rendered it necessary to decide all the legal questions bearing upon the main issue. The facts were for the jury, but the legal conclusions from the facts were for the court. And as to the sixth prayer, that, in view of the finding of the jury and the judgment of the court thereon, has become a mere abstraction. The question at the trial was, whether there was any liability whatever on the part of Presbrey, one of the firm of Presbrey & Green; and not as to the particular nature of the contract liability of the parties, whether joint or several. There was no error in rejecting the prayer.

2. *As to the second bill of exception.* This exception embraces the general charge of the court to the jury; and, taking the

charge as a whole, it appears to have presented the case fully and fairly to the jury. It is assigned as error that the court directed the jury to return their verdict for Presbrey, one of the defendants, as to the $500 note in suit. But there is no exception to this direction, except as it may be contained in the general exception taken to the entire charge of the court. This character of exception, however, cannot be sustained. It has been held repeatedly by the Supreme Court of the United States, that a general exception to a charge, which does not direct the attention of the court to the particular portions of it, to which objection is made, raises no question for review by an appellate court. *Life Ins. Co.* v. *Union Trust Co.*, 112 U. S. 250, 261; *Burton* v. *Ferry Co.*, 114 U. S. 474, 476. And that the whole charge must be substantially wrong before such a general exception will avail for any purpose. *Anthony* v. *Louisville RR. Co.*, 132 U. S. 172, and cases there cited.

We have, however, been urged to review the charge of the court to the jury, upon the motion made for a new trial, and which was overruled. But a motion for a new trial is not the subject of an exception, and presents, in an appellate court, no question for review.

There is nothing in the case that requires further remark, and we must affirm the judgment.

*Judgment affirmed.*