HARRIS v. YOUNGSTOWN BRIDGE CO. LOUISVILLE TRUST CO. v. SAME. COLUMBIA FINANCE & TRUST CO. v. SAME. GAULBERT et al. v. SAME. CENTRAL THOMSON–HOUSTON CO. v. SAME.

(Circuit Court of Appeals, Sixth Circuit. March 31, 1899.)

Nos. 503–506, 519.

1. CORPORATIONS—FORECLOSURE OF LIENS—METHOD OF SELLING PROPERTY.
    Where a first mortgage on the property of a corporation becomes a lien by virtue of an after-acquired property clause on property subsequently purchased by the mortgagor, but as to a part thereof subject to another

· lien, the holder of such lien on its foreclosure is entitled to bring in the mortgagee, and to insist on a sale of the part of the property covered by his lien free from the mortgage incumbrance.

2. MECHANIC'S LIEN—IMPLIED WAIVER OF RIGHT.

Although the mere fact that the parties to a contract do not contemplate a mechanic's lien may not of itself defeat the right to a lien, yet such right may be impliedly waived by acts which show that such was the intention.

Appeals from the Circuit Court of the United States for the District of Kentucky.

Judson Harmon and Thomas W. Bullitt, for trustee.

St. John Boyle, for Louisville Trust Co.

W. O. Harris, for Kentucky Nat. Bank.

A. P. Humphrey, for Youngstown Bridge Co.

E. T. Trabue, for Columbia Finance & Trust Co.

William Marshall Bullitt, for Gaulbert and others.

Helm Bruce, for Central Trust Co.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

TAFT, Circuit Judge. Two petitions for modification of the opinion of the court heretofore rendered herein (90 Fed. 322) have been filed, and a third, but informal, suggestion of a change has also been made. Theodore Harris, trustee, complains that the lengths of track on the different classes of terminal property have not been correctly stated in the opinion. It was not intended to make a finding of the exact lengths of the different tracks, or to foreclose a full examination of the facts, upon this issue by the circuit court. The distances stated in the opinion were given for the purpose of illustrating and making clear the principles which the court thought should be applied to the case. It is not, therefore, deemed necessary to examine the record to determine whether the measurements as set forth in the opinion are supported by the evidence or not.

Harris, trustee, further complains that the language of the opinion is likely to give the impression that he has not, under his mortgage, a lien for $400,000 on the property described in the same. We do not think the opinion can be so construed. The fact that he had such a lien was not denied at the bar. The only issue in controversy was to what extent his lien was prior in right to that of the first mortgage bonds. We held, and still hold, that the whole issue of bonds is secured by a first lien prior in right to that of the first mortgage bonds upon a certain part of the property to the extent of the amount paid for said part and for the improvements thereon. Thus, if it turn out that the amount spent in the purchase and improvement of that part is $150,000, then the mortgage bondholders whom Harris represents will have a lien to secure their $400,000 upon that part, but they cannot realize therefrom more than $150,000 and interest for application to their debt. To hold that there is a lien of $400,000 in extent upon the part in question, prior in right to the first mortgage, would be to ignore the principles upon which our judgment in this case rests.

Harris, trustee, further complains that the mode of selling the bridge

and the main line as one parcel and the new terminals as another, and the offering of them as a unit, is not satisfactory. We considered this question at the original hearing, and find nothing in the brief at rehearing to change our views. The division was made to permit the terminal bondholders to protect their interests. We think we should be going too far in directing a sale of the bridge, without an approach on the Kentucky side, as one parcel, in accordance with the prayer of Harris, trustee.

In the opinion already handed down the following language was used:

"The sale decreed by the circuit court was a sale subject to the lien of that mortgage. It is not necessary to change this, except to declare that the prior lien of the first mortgage covers only an undivided part of the new terminals, and the purchaser will take the same subject to such a lien. The junior lien which the first mortgage trustees will have on the remainder of the new terminal will simply give to them the right to redeem that remainder from the purchaser." 33 C. C. A. 83, 90 Fed. 337.

It is suggested to the court by counsel for some of the parties in interest that to leave the junior lien of the trustees of the first mortgage unaffected by the sale will be to interfere with the salability of the property. It is said that the trustees of the first mortgage are parties to the bill, that no reason appears why the sale of new terminals may not be made free from the lien of the first mortgage upon that undivided part thereof upon which it is only a second lien, and that to permit the first mortgagees to retain a power of redemption in this undivided part of the terminals will be a cloud upon the title, discouraging to purchasers. Upon consideration we are satisfied of the wisdom of these suggestions, and the opinion heretofore filed is modified in so far as to direct that the new terminals shall be sold free from all lien except that held by the trustees under the first mortgage upon the undivided part thereof, upon which they shall be found to have a first lien. Should the sale produce more than enough to satisfy the first lien held by the terminal bondholders on their undivided part of the terminals, the surplus must be distributed to the trustees of the first mortgage for application to the interest and principal thereof. We change the order thus on the ground that a prior lienor has the right to bring in all subsequent lienholders, and to have the property sold free from all such subsequent incumbrances, in order that there may be realized from the sale as much as possible.

The Central Thomson-Houston Company complains that the court erred in denying to it a mechanic's lien on the ground that neither party to the contract contemplated a lien. The argument of counsel is that a lien exists independent of the intention of the parties to the contract, and the case of Van Stone v. Manufacturing Co., 142 U. S. 128, 12 Sup. Ct. 181, is cited to sustain this contention. It is not held in that case that parties may not impliedly waive a lien, but only that under the statute of Missouri, as construed by its courts, the mere taking, by the contractor, of a promissory note for the amount due, payable after the time in which he must file his lien, but within the time in which he must bring his suit, though it may show that neither party when contracting contemplated a lien, does not constitute a waiver

of the lien. In the case at bar two of the notes provided for in the original agreement would not fall due until after the time within which suit must have been brought. Moreover, this was but one of several circumstances noted in the opinion which the court held to be affirmative evidence of an intention to waive the lien. It is true that the contract for security was not in every respect complied with, but security of a different kind was accepted under the contract. This the circuit court regarded as satisfactory evidence showing a modification of the contract in regard to security, and a compliance therewith. In this view we concur. It is not a case, therefore, in which, by a breach of a contract for security waiving a lien, the contractor is remitted to his lien, as in Van Stone v. Manufacturing Co. The petition of the Central Thomson-Houston Company for a rehearing is denied. The order in part affirming and in part reversing the decree of the circuit court is modified as indicated in the foregoing opinion.