## McCUTCHEON v. HALL CAPSULE CO.

(Circuit Court of Appeals, Sixth Circuit. May 8, 1900.)

### No. 745.

1. APPEAL—REVIEW—SUFFICIENCY OF EXCEPTIONS.

A single exception, taken to a charge as a whole, which does not direct the attention of the court to the particular portions to which objection is made, raises no question for review; nor can its indefiniteness be remedied by a more particular specification in the assignments of error.

2. SAME—MOTION FOR NEW TRIAL.

A ruling upon a motion for new trial cannot be assigned for error in the federal courts.

3. SAME—QUESTIONS NOT PRESENTED BY RECORD.

A contract sued on cannot be adjudged void, as contravening public policy, by an appellate court, where the alleged invalidity does not appear, as matter of law, upon the face of the pleadings or the contract, and the question was not raised in the court below by a motion to direct a verdict, but was submitted to the jury as a question of fact on the evidence, without objection, by a charge not excepted to in that respect.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

This action was brought to recover damages for the refusal on the part of the National Capsule Company to perform a contract executed on the 8th of August, 1892, between that company and the Hall Capsule Company. The suit was instituted in the state court, and removed, on defendant's application, into the circuit court of the United States for the Southern district of Ohio. The contract was, in substance, one for the sale by the Hall Capsule Company to the National Capsule Company of certain patent rights, machinery, and its

business of manufacturing empty capsules. Among the stipulations in the contract was one providing for the institution and prosecution of a suit for the purpose of having adjudicated the validity of certain patents, and the question whether another company, called the Warren Company, was infringing those patents. A more particular statement of the terms of the contract is not material for the purpose of the case as now presented to this court. The due performance of that contract on the part of the National Capsule Company was guarantied in writing by the defendant in error, McCutcheon, and Charles M. Stephens, and the present suit is against defendant in error alone on the written guaranty. The trial in the court below resulted in a verdict in plaintiff's favor for $10,000, on which, after overruling the motion for a new trial, judgment was passed, and the case is brought here for review. There was no exception on the trial in the court below to any ruling of the court in the admission or rejection of evidence. There was no motion at the close of the evidence to direct a verdict in favor of the defendant, and the verdict was a general one in favor of the plaintiff. There is in the record a bill of exceptions covering nearly 300 pages of the printed record, and purporting to contain all of the evidence offered on the trial of the case in the court below. Much of this evidence consisted of letters, identified in the bill of exceptions only by reference to them as Exhibits 1 to 57, inclusive, with reference to which the recital in the bill of exceptions is, "The letters are specified below, without being copied in the record, but are made part of the same." The charge of the court was full and specific in relation to the issues in the case, extending over 13 closely printed pages of the record. The charge closed in a conversation between the judge and counsel of both parties as to the meaning and effect of certain parts of the charge already given to the jury. This concluding part of the charge, with the only exception taken to the charge, was in the following language: "The Court: No doubt, that is a sound rule of law, but how do you apply it in the present case? Mr. Matthews: I don't apply it at all, except on this theory, that the contract still remains in force, except that part of it which compels the buying and fixing of prices was changed. The jury may have supposed that that was the same single contract. The Court: The rule in regard to suretyship in that respect is undoubtedly this: A guarantor and surety are the same things in the eye of the law; and the release, where the principal contract, to which the party becomes a mere surety, is varied in any substantial respect without the consent of the surety, that bars the surety from his obligation, because he is in a position to say, 'The contract as it now stands is one which I did not guaranty.' Mr. Granger: In that connection, we will ask the court to charge the jury, as a matter of law, that the contract, by its terms, fixes the maximum prices; it is no change in that contract to charge a less price. The Court: Undoubtedly not. That is correct. We will not prolong this discussion. The court is clear that the taking at a less price than the maximum agreed upon in the contract was not a violation of the contract, or, rather, not a change of it which would release the guarantor. (To which charge of the court counsel for defendant then and there excepted.)" The fourth assignment of error is to this part of the charge, setting it out as required by the rules of this court. There is an assignment of error on the denial of the motion for a new trial. There are some other general assignments, not based on any question, ruling, or exception in the court below, otherwise than on the motion for a new trial. The contract itself was not made part of the pleadings, but introduced as a part of the evidence, and during the progress of the trial the question whether the contract was illegal arose, as may be inferred, from the court's instructions to the jury upon that subject. The case is now presented for consideration on motion to dismiss, with which is united a motion to affirm.

C. Bentley Matthews, for appellant.

Walter L. Granger and Miller Outcalt, for appellee.

Before LURTON and DAY, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge, after stating the case, delivered the opinion of the court.

The record disclosing no exception in the court below to rulings in the admission or rejection of evidence, and there being no motion or request for a peremptory instruction in favor of the defendant, the contention of the defendant in error is that the one general exception to the whole charge does not authorize a bill of exceptions which brings before this court the whole evidence used on the trial of the case in the court below, and that the bill of exceptions is also insufficient in view of rule 10 of this court. 31 C. C. A. cxiv., 90 Fed. cxiv. In view of this state of the case, it is insisted by the defendant in error that the case is not brought within the revisory power of this court, and that no question of law is presented for our consideration. The S. C. Tryon, 105 U. S. 267, 26 L. Ed. 1026; Pennock v. Dialogue, 2 Pet. 1, 7 L. Ed. 327; Burton v. Ferry Co., 114 U. S. 474, 5 Sup. Ct. 960, 29 L. Ed. 215; and other cases,—are cited as supporting the contention of the defendant in error; but, assuming that the motion to dismiss should not be sustained, we are of opinion that there was color for the motion, which authorizes the court to entertain the motion to affirm, and that this motion should be granted. The single exception taken to the charge did not direct the attention of the court to the particular portions of it to which the objection was made, and therefore raised no question for review. It has been declared again and again that our right of review is limited to questions of law appearing on the face of the record, and no such questions are presented here. In Holder v. U. S., 150 U. S. 92, 14 Sup. Ct. 10, 37 L. Ed. 1010, Mr. Chief Justice Fuller, in giving the opinion of the court, said:

"There is no pretense that the charge of the court, occupying twenty-four pages of the printed record, was erroneous in every part, and no exception to any particular part is shown. The rule is that a general exception to a charge, which does not direct the attention of the court to the particular portions of it to which objection is made, raises no question for review. Burton v. Ferry Co., 114 U. S. 474, 5 Sup. Ct. 960, 29 L. Ed. 215; Iron Co. v. Blake, 144 U. S. 476, 488, 12 Sup. Ct. 731, 36 L. Ed. 510; Lewis v. U. S., 146 U. S. 370, 13 Sup. Ct. 136, 36 L. Ed. 1011. It has also been settled by a long line of decisions of this court that the denial of a motion for a new trial cannot be assigned for error. As observed by Mr. Justice Lamar in Van Stone v. Manufacturing Co., 142 U. S. 128, 134, 12 Sup. Ct. 181, 35 L. Ed. 961, no authorities need be cited in support of the proposition."

See, also, Holloway v. Dunham, 170 U. S. 615, 620, 18 Sup. Ct. 784, 42 L. Ed. 1165; Hansen v. Boyd, 161 U. S. 397, 16 Sup. Ct. 571, 40 L. Ed. 746.

And the assignments of error cannot be availed of to import questions into the record, in the absence of an exception which directs the attention of the court to the particular portions of the charge objected to. Lindsay v. Burgess, 156 U. S. 208, 15 Sup. Ct. 355, 39 L. Ed. 399; Burton v. Ferry Co., 114 U. S. 474, 5 Sup. Ct. 960, 29 L. Ed. 215; Claassen v. U. S., 142 U. S. 140, 148, 12 Sup. Ct. 169, 35 L. Ed. 966; Philip Schneider Brewing Co. v. American Ice-Mach. Co., 23 C. C. A. 89, 77 Fed. 138; Ansbro v. U. S., 159 U. S. 695, 16 Sup. Ct. 187, 40 L. Ed. 310.

Assuming that the exception, although general in its terms, could be regarded as limited to that portion of the charge embodied in the fourth assignment of error, as insisted by counsel for plaintiff in error, it would only be necessary to say that the charge in this respect was obviously sound. Indeed, this is now conceded, or, if not, is too obviously true to admit of denial.

The chief contention in this court on behalf of the plaintiff in error is that the contract sued on is void, as in restraint of trade, at common law, and in contravention of the act of congress prohibiting contracts in restraint of interstate commerce. This question is not raised by the assignments of error in this court, nor was it raised by the pleadings in the court below. It is insisted, however, that a contract contravening public policy is one which should not be enforced, and that the objection should be noticed by the court and considered, in the absence of an assignment of error. The alleged illegality does not, however, appear as a matter of law upon the face of the pleadings; and if, in view of the record, disclosing no motion for a peremptory instruction for the defendant, and only a general exception to the charge, we were authorized to examine the evidence and refer to the contract, the asserted invalidity does not appear upon the face of the contract, or from the admitted facts of the case. The conditions, therefore, which would justify this court in such action as is suggested, do not exist here. Carter-Crume Co. v. Peurrung, 30 C. C. A. 174, 86 Fed. 439. Furthermore, the issue whether the contract was invalid on account of any unlawful purpose, or knowledge of such purpose, in its execution, was submitted to the jury as a question of fact, without objection, under a charge not excepted to in that respect, and without a motion to direct a verdict. Under such circumstances, this question of fact is not open to re-examination by this court. Hansen v. Boyd, 161 U. S. 402, 16 Sup. Ct. 571, 40 L. Ed. 746. Judgment affirmed.