OSTEEN v. DALLAS CONSOL. ELECTRIC
ST. RY. CO.† ·

(Court of Civil Appeals of Texas. Dallas.
March 2, 1912. Rehearing Denied
March 23, 1912.)

1. CARRIERS (§ 320*)—NEGLIGENCE—CROWDED
CAR.

It is not negligence per se for a street rail-
way company to allow a car to be overcrowded.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160,
1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–
1325; Dec. Dig. § 320.*]

2. CARRIERS (§ 318*)—NEGLIGENCE—EVIDENCE
—SUFFICIENCY.

In an action for injury from being jostled
off of a street car, evidence that some parties
did not have seats in the car was insufficient to
show that the company negligently permitted
it to be overcrowded.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. §
318.*]

3. APPEAL AND ERROR (§ 216*)—INSTRUCTIONS
—RIGHT TO COMPLAIN.

One who does not request any special in-
struction cannot complain that certain issues
are not submitted.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 929; Dec. Dig. § 216.*]

Appeal from District Court, Dallas Coun-
ty; Kenneth Foree, Judge.

Action by Ed Osteen against the Dallas
Consolidated Electric Street Railway Com-
pany. From a judgment for defendant, plain-
tiff appeals. Affirmed.

---

W. T. Strange, Cockrell, Gray & Thomas, and Wood & Wood, for appellant. Baker, Botts, Parker & Garwood, Spence, Knight, Baker & Harris, and Walter H. Walne, for appellee.

RAINEY, C. J. Appellant instituted this suit against the appellee to recover damages for personal injuries sustained by him, occasioned by being thrown from a moving car.

Appellee pleaded general denial and contributory negligence. A trial. resulted in a verdict and judgment in favor of the railway company, and appellant appeals.

The appellant assigns error as follows: "The court erred in giving to the jury the fourth special charge, requested by defendant, as follows: 'If you find and believe from the evidence that plaintiff left his seat voluntarily, and that the conductor did not request the plaintiff to so leave his seat, you will return your ·verdict for the defendant, regardless of your finding on any other issue submitted to you herein." And submits this proposition: "There being sufficient evidence introduced to warrant a verdict for plaintiff, even though, without the request of the conductor, he got up from his seat voluntarily and gave it to a lady passenger with a baby in her arms, it was error to instruct the jury to find for the defendant, if the plaintiff voluntarily surrendered his seat, without being requested to do so by the conductor, regardless of their finding on any other issue."

The court, by paragraph 2 of its main charge, submitted plaintiff's case affirmatively, as follows: "At the time of the alleged accident, plaintiff was a passenger on one of defendant's cars, and if ·you find and believe from the evidence that the defendant overcrowded the car on which plaintiff was a passenger, or the seat on which plaintiff was seated, and that plaintiff yielded his seat to a lady at the request of the conductor of defendant, and that in so doing plaintiff was not guilty of negligence as above defined, and you further find that as the direct result of said conduct of plaintiff in so yielding his seat, if he did, he was thrown from the car and injured, as alleged, and that the defendant was guilty of negligence as alleged, and as hereinbefore defined, then plaintiff would be entitled to recover."

In deference to the verdict of the jury, we find that Osteen entered defendant's car and took a seat. It was a summer or open car, the seats running across the car, which was open at the sides, affording a place for ingress and egress. After traveling ·a few blocks, a lady with a baby in her arms entered the car in the section where plaintiff was seated. The section where plaintiff was seated being· crowded, he voluntarily arose from his seat and gave it to the lady with the baby. He was a cripple, and when he arose he caught hold of the seat in front of him, and immediately, while in that position, a passenger fell· against him and knocked him from the car to the ground, whereby he was injured.

Appellant's action was based on two grounds of negligence, viz., the request of the conductor to Osteen that he vacate his seat, after he had secured one on the car, that it might be occupied by a lady with a child in her arms, and an overcrowded car. These acts, as pleaded, were connecting links in the cause of the injury, and so intimately related and dependent, one upon the other, that on failure to establish one the right to recover was of necessity bound to fail.

Osteen was in a partially paralyzed and crippled condition, unable to protect himself in a crowded car, of which he was well aware, and, being safely seated in the car at a place furnished him by the appellee, which safe place he voluntarily left, we are not prepared to say he would be entitled to recover on account of the crowded condition of the car, in the absence of an invitation from the conductor to leave his seat, however much we may admire his courteous demeanor in yielding his seat to a lady, under the circumstances.

[1, 2] Some cases have held, under certain circumstances, steam railroads liable for allowing their cars to be overcrowded; but it cannot be said, as a matter of law, that to overcrowd a car is negligence per se. Railway Co. v. Tittle, 115 S. W. 640. This principle should apply with more force to street railways; for it is a matter of common knowledge that they are frequently so crowded many passengers are not able to get seats, especially during the rush hours. The evidence as to the crowded condition of the car under consideration was, in effect, that some parties did not have seats. This evidence, we·think, was not sufficient to show negligence on the part of the railway company. Burton v. Ferry Co., 114 U. S. 474, 5 Sup. Ct. 960, 29 L. Ed. 215; Jacobs v. Railway Co., 178 Mass. 116, 59 N. E. 639.

[3] Plaintiff asked no special charge as to the matter of which he complains; and if there were other issues omitted from the ·court's main charge, on which appellant was· entitled to recover, there should have been a request therefor.

As we view the case, there is no reversible error shown by the record, and the judgment is affirmed.