HUGGINS v. WATFORD.

1. NON-SUIT—EXCEPTION.—A motion for non-suit being based upon the pleadings and all of plaintiff's testimony, an exception alleging error in refusing the motion is sufficiently explicit, and is not obnoxious to the rule of court which forbids an exception by mere reference back to an exception at some previous stage of the trial.

2. IBID.—VARIANCE.—Where plaintiff claimed by his complaint that the land in dispute had been turned over to him by B., the owner, until B. returned to the State, or if he never returned it was to become plaintiff's property in fee, and that B. had never returned nor been heard from since 1865, and these allegations were testified to, except that in the event of B.'s non-return it was to become the property of plaintiff's son, there was a fatal variance, and a non-suit should have been granted.

3. IBID.—IBID.—AMENDMENT.—Plaintiff, having failed to ask for any amendment to his complaint, cannot now claim to recover by reason of his marital rights, on testimony showing that plaintiff's wife was B.'s sole heir at law.

4. EXCEPTIONS—ABSTRACT QUESTIONS.—This court having reached the conclusion, that a non-suit was improperly refused below, exceptions to the judge's charge become abstract questions, which need not be considered.

Before NORTON, J., Darlington, March, 1892.

This was an action by S. S. Huggins against George W. Watford, commenced in January, 1892.

*Messrs. Boyd & Nettles*, for appellants.

*Messrs. Dargan & Dargan*, contra.

March 23, 1893. The opinion of the court was delivered by MR. JUSTICE POPE. The appellant seeks to reverse the judgment of the court below upon three grounds: 1. That his honor should have granted the non-suit asked for by the defendant at the close of plaintiff's testimony, and it was error of law in him not to have done so. 2. That his honor was mistaken, and erred in stating to the jury that plaintiff, in the early part of his testimony, had said distinctly that he claimed under a parol gift of the land, from the death of Mrs. Devine, to himself for life, and to his son, Jethro Huggins, in remainder, and that this statement, though afterwards modified, had no foundation in the testimony, and necessarily misled the jury. 3. That his honor charged that ten years adverse possession of a part of a known tract of land gave one a *prima facie* title to the whole of it against the world, including one who claimed another part of the tract, if neither had possession of the part in dispute. That such charge was erroneous as a statement of the law, and, if correct in law, was inapplicable to the undisputed facts of the case, and well calculated to mislead the jury.

*First.* The respondent suggests that the first exception is obnoxious to rule V. of the Supreme Court, because it is "an allegation of error by mere reference back." It is quite important that practitioners in this court should observe its rules. In this instance, however, we cannot hold the criticism to be just, for as soon as the plaintiff closed his testimony in the Circuit Court, the defendant made his motion for a non-suit. This motion, of course, necessitated a careful review of all the testimony, and its application to the allegations of the complaint. The Circuit Judge had the pleadings and the testimony before him when he passed upon the motion, and when he denied the motion, the defendant duly excepted. Now this court has furnished by the "Case" such pleadings

and testimony, and when we consider the alleged error—denial of motion for non-suit—the appellant has complied with the rule by making the ground of his exception to appear by the form he has adopted for that purpose. This objection of respondent is not well founded.

It remains for us to consider the appellant's allegation of error in the Circuit Judge by his refusal of the motion for non-suit. Section 163 of our Code requires that the complaint shall contain, "2. A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." The complaint in the action at bar alleged as the facts constituting the plaintiff's cause of action: That in 1851 or 1852, one W. Jethro Barnes, who was plaintiff's brother-in-law, being the owner of 150 acres of land in Darlington County, "being on the eve of leaving this State to go to the west, made an agreement with the plaintiff, whereby the plaintiff was to pay the taxes on the land, and receive the rents and profits thereof until the said Barnes should return to the State, or make demand for the surrender of said land; and if the said Barnes should never return or make demand for said land, the same was to become the property in fee of the plaintiff;" that shortly after that agreement Barnes left the State, and has never returned to the State, has made no demand for the surrender of the possession of the land, and has not been heard of by the plaintiff since the year 1865. These allegations of the complaint were denied by the answer of defendant.

Upon these issues of fact, therefore, these parties, litigant, went to trial before a jury. It became the duty of the plaintiff to establish, in the first instance, these allegations by the testimony offered by him, under the penalty, in case he failed to do so, and the defendant moved for a non-suit, that his complaint would be dismissed. We find in the "Case" the testimony offered on behalf of the plaintiff, and by this testimony it appears that there never was any agreement by W. Jethro Barnes that the plaintiff should ever become the owner in fee of this land. It is testified by the plaintiff himself, that, in the event Barnes never returned to this State, the land should belong to plaintiff's son, Jethro Huggins. Now, is

this not fatal to plaintiff's case? It seems to us that it is. However, the respondent, to ward off this seemingly fatal difficulty, in his argument, suggests that W. Jethro Barnes died in 1865, and, as the wife of the plaintiff was his heir at law, by virtue of the marital right, the plaintiff became seized in fee.[1] Such is not the law, but if it were, the plaintiff by his complaint has elected a different and utterly inconsistent cause of action to that suggested in respondent's argument. With the great liberality of the law in the matter of amendments staring the plaintiff in the face, he has chosen not to avail himself of any such advantage, but, on the contrary, has adhered to his original cause of action, as stated in his complaint. The Circuit Judge erred in not granting the motion for a non-suit.

*Second.* The grounds of appeal numbered 2 and 3 raise questions of abstract law, since we have decided the non-suit should have been granted. It follows, therefore, that such grounds need not be passed upon by this court.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court, with directions to dismiss the complaint.

---

1 "Entitled to the possession," is what respondent's counsel claimed in his argument.—REPORTER.