ROUNDTREE v. CHARLESTON AND WESTERN CAROLINA RY. CO.

1. VARIANCE BETWEEN ALLEGATIONS AND PROOF.—Proof that a plaintiff was injured in loading the wheels of a truck under allegations of injury from loading a truck is not a failure of proof of the allegations in their "entire scope and meaning."

2. EVIDENCE—OPINION—DAMAGES.—Party may give opinion as to amount of damages he has suffered.

3. CHARGE—PUNITIVE DAMAGES.—Failure to charge that there was no evidence to sustain a verdict for punitive damages in absence of request to that effect is not error. But here defendant is not prejudiced because motion for new trial was granted, unless the portion of the verdict for punitive damages be remitted.

Before KLUGH, J., Hampton, October term, 1904. Affirmed.

Action by J. E. Roundtree against Charleston and Western Carolina Railway Co. From judgment for plaintiff, defendant appeals.

*Mr. James W. Moore,* for appellant, cites: *The proof was foreign to the allegations:* 3 S. C., 411; 1 Green. Ev., secs. 278, 280; 8 Met., 576. *Error of failing to charge as to vindictive damages not remedied by remittur:* 22 S. W. R., 958. *As to opinion of witness as to amount of damages:* 47 Ark., 497; 71 Ind., 276; 58 Ga., 107; 11 La. Ann., 178; Starkie Ev. (by Sharswood), 172, *et seq.;* Sed. on Dam., 748; 2 Suth. on Dam., sec. 444; 115 Ga., 987; 38 Ga., 211; 73 Ga., 709; 9 N. Y., 375; 1 Phil. Ev., 290; 1 Green. Ev., sec. 440; 1 Best Principles Law of Ev., 646; 110 How. Pr., 293; Lawson Exp. and Op. Ev., 443; 17 Wend., 161; 29 N. Y., 37; 27

How. Pr., 406; 14 Ind., 451; 40 Cal., 272; 22 S. W., 957; 1
S. W., 775; 71 Ind., 276; Sed. on Dam., 699, 700; 29 Barb.,
422; 17 Wend., 137; 6 Kan., 54; 4 Barb., 264; 4 Denio,
318; 25 Mo. App., 514; 26 Id., 578; 30 Pac. R., 307; 19
S. C., 66; 1 Whar. Ev., secs. 511, 450; 56 N. H., 227; 53
S. C., 215.

*Messrs. W. B. Smith* and *W. B. DeLoach,* contra, cite:
*Proof sustained allegations of complaint:* 16 S. C., 636, 395,
448; 18 S. C., 554, 607, 537; 22 S. C., 308; 19 S. C., 23; 21
S. C., 82, 101; 24 S. C., 436; 22 S. C., 4; 44 S. C., 315, 554;
45 S. C., 46; 63 S. C., 567; 5 Rich., 546.  *Ground of objec-
tion not presented to trial Judge cannot be sustained:* 63 S.
C., 517.

October 18, 1905.  The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY.  This is an action for damages al-
leged to have been sustained by the plaintiff through the
negligence of the defendant.  The complaint alleges that the
plaintiff at the time of the injury was employed by the defend-
ant as a section hand on its line of railway; that while he was
trying to load a heavy truck on a flat car he was over-
strained and hernia was produced on account of the wilful,
wanton and knowing negligence of the defendant in failing
to provide a sufficient number of hands to lift so heavy a
weight.  The jury rendered a verdict in favor of the plain-
tiff for $1,500 damages and $450 punitive damages.  The
defendant made a motion for a new trial on the minutes of
the Court.  The presiding Judge granted an order that
unless the plaintiff should remit upon the record all except
$1,500 of the verdict, there should be a new trial, as there
was no testimony to sustain a verdict for punitive damages.
The plaintiff remitted on the record all in excess of $1,500.

The defendant appealed upon exceptions, the first of which
assigns error on the part of his Honor, the presiding Judge,

in refusing the motion for a nonsuit on the ground that there was no testimony tending to show that the plaintiff was injured while loading a *truck,* but was injured while loading the wheels of a truck. In refusing the motion for nonsuit, the presiding Judge said: "Trucks being a technical expression, the meaning of which is known to railroad men, it may, or may not, mean the four wheels coupled together, and I will leave it to the jury to say whether the railroad was negligent in the manner alleged. As a matter of fact, I don't think it would be taking one by surprise to amend the complaint to conform to the proof."

Sections 190, 191 and 192 of the Code are as follows: "Section 190. No variance between the allegation in pleading and the proof shall be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense, upon the merits. Whenever it shall be alleged that a party has been misled, that fact shall be proved to the satisfaction of the Court, and in what respect he has been misled; and thereupon the Court may order the pleading to be amended, upon such terms as shall be just.

"Section 191. Where the variance is not material, as provided in the last section, the Court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs.

"Section 192. Where, however, the allegation of the cause of action or defense to which the proof is directed is not proved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance within the last two sections, but a failure of proof."

The appellant contends that this case comes within the provisions of section 192. These sections were construed in the case of *Ahrens* v. *Bank,* 3 S. C., 401, 410, as follows: "Under section 192 (190), no variance is to be regarded as material unless it has actually misled the party, and in that case his remedy is to satisfy the Court immediately, by proof

by affidavit, that he has been so misled. The effect of such proof is not to prevent the Court from allowing an amendment to such case, but to entitle the party prejudiced by such amendment either time or such other compensatory terms and conditions as may be reasonable. The object of the Code is to secure to parties, acting in good faith, the fullest right to rectify, by amendment, any defect in pleading the result of misapprehension, inadvertence, or accident, but at the same time to protect, as far as possible, the substantial rights of the party prejudiced by such amendment. If the party prejudiced by such variance does not take advantage of the remedy afforded by section 192 (190), then, under section 193 (191), it is the duty of the Court to disregard the variance as immaterial, and either to order an immediate amendment or to direct the fact to be found according to the evidence. Section 194 (192) was intended to guard against the application of sections 192 (190) and 193 (191) to cases which are not, properly speaking, cases of variance, but where the party has proved, on the trial, a state of facts foreign to the allegations of the pleadings, and having the effect to leave the facts alleged in the pleadings unproved in their 'entire scope and meaning.' It is obvious that variances, involving nothing more than technical differences between the allegations and proofs, can only be made material in the mode pointed out in section 192 (190). * * * Under the foregoing provisions of the Code (190 and 191), a motion for a nonsuit is not the proper mode of taking advantage of any variance that might have occurred; nor can this Court set aside the judgment, if sustained by the proofs, on the ground of any such variance in view of the provisions of the Code in question." These principles are in accord with the rule laid down in Pom. Code Rem., sections 553 and 554.

While it is true there was no testimony tending to show that the injury was caused by loading a truck complete in all its parts, nevertheless, there was evidence to the effect that the injury was the result of loading the wheels which were a

component part of the truck.    It cannot, therefore, be successfully contended that the allegation of the complaint was "not proved, not in some particular or particulars only, but in its .entire scope and meaning."    Furthermore, the variance was not prejudicial to the defendant, as it requires a smaller force of hands to load wheels of a truck than to load the entire truck.

The second exception raises the question whether the presiding Judge erred in ruling that the plaintiff could testify as to the amount of his damages.    The appellant contends that the testimony was inadmissible on the ground that it was merely the expression of an opinion. This question is conclusively settled by the case of *Oliver* v. *Ry.,* 65 S. C., 1, 43 S. E., 307.    Mrs. Oliver, in answer to the question, to what extent, in her opinion, she had been damaged, was permitted to testify: "I could not put any money value on my health—$10,000 seems a very paltry sum."    This was made the ground of exception, and the Court ruled that the *question* was competent.    See, also, *Dent* v. *Ry.,* 61 S. C., 329, 39 S. E., 527, and *Burnett* v. *Ry.,* 62 S. C., 281, 40 S. E., 679.

The third exception assigns as error that there was no testimony whatever as to exemplary damages, and that the presiding Judge should have charged the jury that plaintiff was only entitled to. actual damages. , In the first place, the defendant should have presented a request to that effect.    In the second place, the plaintiff has remitted upon the record so much of the verdict as was for punitive damages.    The appellant, therefore, cannot now complain that the alleged error was prejudicial.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*