## METROPOLITAN LIFE INS. CO. v. HARTMAN.

(Circuit Court of Appeals, Eighth Circuit. December 1, 1909.)

### No. 2,977.

1. **LANDLORD AND TENANT (§ 169*)—INJURIES TO OCCUPANT—ACTION—VARIANCE.**

   Under the rule that a plaintiff can only recover on the cause of action pleaded, in an action to recover for a personal injury to plaintiff by slipping and falling on the hard wood floor of a room in defendant's office building which had been recently treated with a dressing containing oil, where the only negligence of defendant alleged in the complaint was that the floor was dressed at such a time as would not permit the absorption of the oil before the tenants would have occasion to enter their rooms, plaintiff was not entitled to recover on proof that the floor had been so often treated that it would not absorb oil, and that the workman who dressed it was negligent in using oil in the dressing and failing to rub it off until the floor was dry before leaving it, and that such negligence was the proximate cause of the injury.

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

2. **APPEAL AND ERROR (§ 729*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.**

   A general assignment of error that the court erred in overruling a motion for a directed verdict, made at the close of all the evidence, is suf-

ficient, where the motion was on the ground that there was no substantial evidence to sustain the cause of action alleged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2998, 3013; Dec. Dig. § 729.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by Gertrude C. Hartman against the Metropolitan Life Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed.

Morton Barrows, for plaintiff in error.
Francis B. Hart, for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

ADAMS, Circuit Judge. This suit was brought by Gertrude C. Hartman to recover damages from the Metropolitan Life Insurance Company for injuries sustained by a fall while walking over a hard wood floor covered by a rug in one of the rooms in which she was employed as a stenographer, in a large office building owned and controlled by the defendant. The rug failed to cover the floor by about eight inches along its outer border, leaving that width of uncovered hard wood extending around the four sides of the room. Plaintiff alleged in her complaint that on December 23, 1907, as she was going out of the room just described into her own working room adjoining, she stepped upon this uncovered border, slipped, fell, and received a severe injury.

She specified, as the acts of negligence which caused her injury, that prior to December 23, 1907, the uncovered border had been safe to walk upon without hazard or accident, but the defendant on that day—

"dressed the exposed border of the floor * * * with a coat of oil or preparation in which oil or other equally fluid, slippery, and inadhesive substance was the principal ingredient, the natural, necessary, and direct effect of which was to render and make said floor slippery, dangerous, and unsafe to pass over or walk upon until sufficient time had elapsed after such redressing for the absorption of such oily substance into the paint and wood work of said floors, all of which facts were within the knowledge of defendant and its employés doing said work, and they also knew that several hours would be required for such absorption after such redressing of said floors had been done with said material. * * * Plaintiff now alleges that the oily redressing of said floor when it was done, and with the material used, rendered such floor within the knowledge of the defendant, its officers, agents, and employés, doing said work, utterly unsafe and dangerous to walk over and upon both at the time of the doing and for several hours thereafter. * * * Plaintiff alleges that the defendant was guilty of gross negligence in doing said work or in suffering the same to be done at a time when it well knew that the lessee of said office and his employés and clients would soon be present to use and occupy the same, and that they would so use and occupy the same. Defendant was guilty of gross negligence in not doing said work at the close of some business day when sufficient time would elapse for the absorption of the material placed upon the said floors before they would be again required for use. Defendant was guilty of gross negligence in not warning plaintiff and others about to frequent said office of the dangerous and unsafe condition of said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

floor, and plaintiff alleges that no warning whatever was given, nor had she any knowledge or notice that said work had been done, or that said floor had been made dangerous and unsafe."

The answer admitted certain allegations of the complaint, but denied the alleged negligence.

From the foregoing it is manifest the gist of plaintiff's complaint was that the defendant did the work of dressing the floor at such a time as would not permit the absorption of the oil before the tenants would have occasion to enter their rooms. The use of oil as a dressing substance or the method of its application was not complained of as an act of negligence. The plain implication if not language of the complaint was that the material and method employed were suitable enough, provided the work had been done in the evening, or at some other time sufficiently long to permit the absorption of the oil, before the tenants required the use of their offices in the morning.

A patient examination of the evidence discloses a conspicuous failure to prove any of the allegations of negligence as made. Most of the proof went to establish other facts conceived at the time of the trial to be culpable on the part of the defendant. Plaintiff was allowed to show, over defendant's objection, by expert testimony, that the floor margin or border in question had become so glazed over by repeated applications of shellac or stain that no oil could be absorbed, and that any application of oil would lie on the surface and form a slippery and dangerous condition for 36 hours, or so until it would dry into a gummy substance. This evidence tended to prove the defendant was negligent, if at all, in using oil of any kind, or in any way or manner, upon the floor in its then present condition, and had no tendency to prove any of the acts of negligence charged in the complaint. It was proof, not of the issue tendered, but of some other possible issue.

This was the condition of things at the close of plaintiff's case, when defendant requested an instructed verdict on the ground the plaintiff had not established a prima facie case under the pleadings. The request having been denied, the defendant introduced evidence, but it did not supplement plaintiff's deficient proof.

In the examination and cross-examination of its witnesses, testimony was elicited tending to show that the janitor whose duty it was to dress the floor had generally done his work by applying a mixture of five parts of benzine and one of oil and that his method had been to apply a small quantity of the mixture to a surface desired to be dressed with a cloth, and simultaneously, or practically so, to rub it off with a piece of cheese cloth, till the oil had disappeared and the surface made dry; that on the morning in question after he had applied the mixture to the floor in the usual way, and before he had time to rub it dry, he was called by one of the plaintiff's employers to dress a table, and proceeded forthwith to do so; that in the meantime, while he was so engaged, the plaintiff, in passing from her employer's room to her own, stepped upon the slippery border of the floor and fell.

At the close of the evidence the defendant renewed its motion for a directed verdict in favor of the defendant, claiming that plaintiff had not made out a prima facie case under the pleadings, and that it conclusively appeared as a matter of law that the plaintiff assumed the

risk incident to the conditions and circumstances in which she received her injury. The court denied the motion, the defendant duly excepted, and properly assigns the denial as error.

Counsel for plaintiff now insists and devotes much argument to the claim that the action of the janitor in temporarily leaving the border of the floor besmeared with the oily mixture before he had rubbed it dry was an act of negligence imputable to his master, and that it was the proximate cause of plaintiff's injury. To this we are unable to give our assent. The janitor's failure to rub off the oil before he left to do something else was not remotely suggested in the complaint as an act of negligence upon which recovery was sought. Nothing is more conducive to the orderly and efficient administration of justice than strict adherence to the rule of pleading and practice which requires a plaintiff to tender a single, certain, and definite issue of fact, and, if there be joinder therein by defendant, to produce proof of the affirmative of that issue. Any substantial departure from this rule introduces uncertainty and looseness in practice, occasions perilous surprises to the defendant, and tends to defeat that exact and equal justice which is the boast of our jurisprudence.

It is elementary that a plaintiff cannot bring a suit on one cause of action and recover on another, and that allegations without proof are unavailing.

Counsel for plaintiff contends that there is no assignment of error fairly presenting the question we have considered for review. This is a mistake. It is true most of the assignments are too general, but the third is quite sufficient. It is:

"The court erred in denying the motion of the defendant, made at the close of all the testimony, that the court direct a verdict in favor of the defendant and against the plaintiff."

That motion, according to well-established practice, presented a question of law to the trial court, whether, giving full force and effect to all the evidence and all the reasonable inferences deducible from it, there was substantial proof of plaintiff's cause of action. If there was no such proof, it was the duty of the court, as a matter of law, to say so, and direct a verdict as requested. In view of the proof which we have pointed out, the court committed an error of law in not giving that instruction.

It is also argued that the third assignment is bad because it fails to clearly point out the error relied upon. In our opinion there is no ground for this criticism. The trial court was asked to direct a verdict for defendant, because, among other reasons assigned, the plaintiff had not made out a case "under the pleadings." The court's attention was thereby directly pointed to the pleadings as the test of the legal sufficiency of the proof. The assignment was based on an exception duly saved to a refusal to direct a verdict, as so requested, and was clearly sufficient.

The testimony tended to show that defendant had for about 15 years owned and been engaged in renting offices in a 12-story building in Minneapolis, Minn.; that there were about 500 rooms in the building frequented daily by about 15,000 persons; that the rooms

were cared for by janitors in the employ of the defendant, whose duty it was from time to time to dress and polish the furniture and floors; that the defendant originally adopted and continuously followed the practice of using a mixture composed of five parts of benzine and one of oil for doing the dressing and polishing work; that the mixture had been continuously applied in the way and manner hereinbefore pointed out by the janitors; that plaintiff had been for some years while working in the building familiar with the facts just stated; that on the morning in question she had three times passed over the slippery border before she stepped upon it. In view of this and other testimony, it was argued that the injury resulted from an accident which could not have been foreseen or reasonably anticipated, within the rule announced in Milwaukee, etc., Ry. Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256, by the defendant when it adopted its method of dressing the floors and furniture, and that the plaintiff assumed the risks incident to working in a building employed and cared for as just stated.

It is unnecessary to consider these and some other questions presented by defendant's counsel at the present time.

The judgment must be reversed, and the cause remanded to the Circuit Court for a new trial.