## METROPOLITAN LIFE INS. CO. v. HARTMAN.

(Circuit Court of Appeals, Eighth Circuit.   January 10, 1911.)

No. 3,436.

1. LANDLORD AND TENANT (§ 169*)—INJURIES TO OCCUPANT—NEGLIGENCE.

Where plaintiff, a stenographer in an office building, slipped on a recently oiled floor of the room in which she was employed, and, falling, received serious injury, and there was evidence that after defendant's servant, shortly before the accident, had re-dressed the floor with an oiled dressing, it had not been wiped or made dry, and that the floor in such condition would be likely to cause one who had occasion to use it as did the plaintiff to slip thereon and receive injury, whether defendant was negligent was for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 646; Dec. Dig. § 169.*]

2. TRIAL (§ 296*)—INSTRUCTIONS—CURE OF DEFECTS.

An inadvertent error of the court in defining what constitutes ordinary care in an oral charge to the jury was not prejudicial, where the subject was fully clarified by what preceded and followed it, especially where the exception taken did not direct the court's attention to a particular fault therein.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–718; Dec. Dig. § 296.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by Gertrude C. Hartman against the Metropolitan Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

---

Morton Barrows, for plaintiff in error.
Francis B. Hart, for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and CAR-LAND, District Judge.

VAN DEVANTER, Circuit Judge. This is an action to recover for injuries sustained by slipping and falling upon the recently oiled margin of an office floor. The case was here once before. 174 Fed. 801, 98 C. C. A. 509. Afterwards the complaint was amended so as to charge (a) that the floor theretofore had been treated and rubbed until its surface was hard and smooth; (b) that on the morning in question the defendant, through its janitor, treated the margin of the floor with a fluid preparation of benzine and oil, and left it in a moist and oily condition, which rendered it exceedingly slippery and unsafe to walk upon; (c) that in the proper doing of that work it was customary and necessary to wipe or dry the floor, and thereby leave it in reasonably safe condition for use; and (d) that on the occasion in question the defendant not only negligently failed to complete the work in that way, but left the floor as ready for use without giving any warning that it was in an unsafe condition. In the answer the defendant admitted that it had re-dressed the floor at the time stated, but denied all else that went to show negligence upon its part. The trial of the issues resulted in a verdict and judgment for the plaintiff, and the defendant now seeks to reverse the judgment.

The chief complaint is that the court denied a request for a directed verdict. No evidence was produced by the defendant, and the case went to the jury upon that produced by the plaintiff, which tended quite substantially to sustain each of the matters charged in the amended complaint as just described, and to show that as a result of the condition in which the floor was left the plaintiff, without fault upon her part and without any knowledge that the floor had been incompletely treated, slipped thereon and fell, receiving considerable injury.

The real question upon the evidence is whether, in that view of it which is most favorable to the plaintiff, it reasonably can be said that the defendant should have anticipated that leaving the floor in the condition in which it was left—that is, freshly oiled, but not wiped or made dry—would be likely to cause one who had occasion to use it, as did the plaintiff, to slip thereon and receive injury. We have attentively read the evidence, and have thoughtfully considered it, with the result that we are of opinion that this question must be answered in the affirmative, and that it also must be held that the court rightly declined to take the case from the jury.

Various complaints are made of the court's action in other respects; but these complaints are all devoid of any merit save one, which challenges one of several of the court's statements, in its charge to the jury, of what constitutes ordinary care. If this part of the charge stood alone, it would be subject to serious objection; but the fault was not misleading. At most it was a mere inadvertence in the course of an oral charge, and was fully clarified by what preceded and fol-

lowed it. Not only so, but the exception taken to this part of the charge was not calculated to direct the court's attention to the fault therein. Had the exception been appropriate to the occasion, we do not doubt that the fault would have been corrected immediately. But without the correction the charge as a whole could not, as we think, have failed to convey to the jury a correct understanding and appreciation of what constitutes ordinary care.

The judgment is affirmed.