## UNION PAC. R. CO. v. GARNER.

Circuit Court of Appeals, Eighth Circuit.
January 25, 1928.

No. 7724.

1. Trial ⬤⟶251(1)—Instructions should be confined to issues raised by pleadings.

Rule is well settled that instructions given by trial court should be confined to the issues made by the pleadings.

2. Master and servant ⬤⟶291(5)—Instruction on railroad's negligence in moving engine after signal held error, in action based on negligent moving of engine without signal.

In action against railroad for death of engine foreman, alleged to have been caused by negligence of engineer and fireman in backing engine without signal from deceased, who had turned switch in rear, instruction permitting plaintiff's recovery in case fireman, after having received signal to back, failed to exercise ordinary care in maintaining lookout for deceased, *held* error, as submitting issue not raised by pleadings.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Dorcas J. Garner, as administratrix of the estate of Oakie O. Garner, deceased, against the Union Pacific Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

C. A. Magaw, of Omaha, Neb. (N. H. Loomis, Edson Rich, and Thomas W. Bockes, all of Omaha, Neb., and T. F. Hamer, of Kearney, Neb., on the brief), for plaintiff in error.

William E. Shuman, of North Platte, Neb. (John J. Halligan, Robert Beatty, and Victor Halligan, all of North Platte, Neb., on the brief), for defendant in error.

Before STONE, Circuit Judge, and REEVES and OTIS, District Judges.

REEVES, District Judge. Defendant in error, hereinafter designated as plaintiff, recovered judgment in the sum of $20,000 against plaintiff in error, hereinafter designated as defendant. To reverse this judgment, defendant has sued out a writ of error.

On the night of October 27, 1925, near midnight, plaintiff's husband, Oakie O. Garner, engine foreman for defendant, while engaged in lining switches for one of defendant's engines in the railroad yards at North Platte, Neb., was run upon and killed by said engine. Plaintiff claims in her petition:

That in lining up and turning the switches for the engine in question her husband had caused said engine to be brought onto a track immediately east of a switch, which it became the decedent's duty to turn and line; that the railroad track at that point extended eastwardly and westwardly, and that the engine faced toward the east; that it was desired to back said engine onto a track leading to the west; that Garner was riding on the south side of the engine when it stopped east of the switch, and that in pursuance of his duty he passed around its rear and over the track to the switch stand approximately six feet to the north.

"That, after having [turning] said switch, it was the duty of the said Oakie O. Garner, under the rules of the defendant, to cross the railroad track on which the said engine was standing, and to signal the engineer in charge of said engine, and who was on duty on the right and south side thereof, to back said engine, and that it was thereupon his further duty, under the rules aforesaid, after the said engine had passed the said switch, for the said Oakie O. Garner to return to the switch, turn it back to the position it was in, in the first place, and then accompany the said engine on to the roundhouse."

"That after having turned said switch, and while still on duty and in the employ of the defendant as aforesaid, the said Oakie O. Garner, shortly after midnight of October 28, 1925, being in the exercise of due care and caution on his part, immediately proceeded to cross the railroad track behind said engine, in order to give the signal to the said engineer as required by the rules of the defendant railroad, to back said engine through said switch and toward said roundhouse and thereupon the defendant, Union Pacific Railroad Company, a corporation, by its agents, servants, and employés, and particularly by its engineer, who was operating the said engine, and the fireman thereof, did wrongfully, wantonly, unlawfully, negligently, carelessly, and without regard to the safety of the

said Oakie O. Garner, and without having received from said Oakie O. Garner any signal to back said engine, and even without waiting for any signal from the said Oakie O. Garner to back the same, and without waiting for him to cross the track, on which the said engine was standing, to the engineer's side of said engine, move and back said engine against, upon, and over the body of said Oakie O. Garner, and did thereby mortally injure, wound, and crush the body of said Oakie O. Garner and cause his almost immediate death."

The evidence showed that, after the decedent had turned the switch and lined it for the engine, and while at the switch stand, he gave the back-up signal; this was received by the fireman, whose position was on the north and left side of the engine; he communicated to the engineer, who, in accordance therewith, immediately put the engine in motion backwards toward the west; that thereafter the decedent was lost to the view of the fireman, whose duty it was to look out for him, and that when the engine was stopped, after clearing the switch tracks, decedent's body was discovered, crushed and mangled on the track, over which said engine had just passed.

The court charged the jury that the evidence did not substantiate the claim of plaintiff to the effect that no signals had been given, but, "on the contrary, it was the testimony of the only witnesses whom we heard in the case on that contention that, in truth and in fact, before the engine was backed up, decedent, Oakie O. Garner, had given a proper signal to back up the engine, and that the engine was backed up in obedience to that signal, and she was unable to bring before us any witnesses or testimony to prove the contrary. Therefore it is the duty of the court, under the law, to instruct you that the plaintiff has not made out that contention which was set up in her petition, and the jury is instructed, as a matter of law, that they have no right to find and should not find * * * that the engine was backed up without signal from Oakie O. Garner, but, on the contrary, the evidence on that subject shows it was backed up on his signal."

The court, however, continued to charge the jury as follows: "Plaintiff has, however, set up another claim in her petition, which, in substance, is that, while that operation of bringing the engine over to the roundhouse towards which point it was traveling, that the switch was lined up by her husband, Oakie O. Garner, in the course of his employment, and that the defendant company, through its agents, the enginemen, and more particularly the engineman, the fireman, Harden, caused the engine to start backwards and to proceed backwards over Garner, and to inflict injuries upon Garner, and to kill him, in a negligent manner, in that she claims that an ordinarily prudent person, under all the circumstances which surrounded Harden at that time, as shown by the evidence, would, in the exercise of ordinary care, have observed and known, and ascertained by keeping a lookout and watching, that Garner had gone from his position at the switch stand, and had put himself in a position of danger along the course of the engine, that is, back of the engine, and that in the exercise of reasonable care on the part of Harden the injuries would not have been inflicted upon the deceased, or, if inflicted at all, would not have resulted in his death, and that that action of the defendant, particularly that action of the fireman, Harden, was negligence, and was, as she puts it, the sole cause of the injuries and death of her husband, and, if not the sole cause, she presents the claim, as she has a right to do, that it caused at least a part of the injuries inflicted upon him."

[1, 2] Such a claim was not made in plaintiff's petition. The only complaint of plaintiff's petition was that the engine had been carelessly backed onto Garner while said decedent was returning to the south side of the track to give an appropriate back-up signal to the engineer, whose position was on that side. All the allegations of the petition are designed to elucidate that theory, and to make clear the duty of the engineer and fireman concerning decedent, while in the act of returning to a position on the south side of the track visible to the engineer.

The answer of the defendant admitted, in substance, all the allegations of the petition, except the giving of the signals alleged by plaintiff which it denied. It affirmatively alleged that decedent came to his death from his own negligence. It will be observed from the foregoing that the plaintiff predicated her right to recovery upon a theory which was entirely disproved by her evidence. The court, however, submitted the case to the jury upon a theory not found in the pleadings and not within the issues raised by the answer.

Defendant objected to such a submission at the trial, and presses the same matter as its complaint in this court. The rule is too well settled to require the citation of authorities that instructions should be confined to the issues made by the pleadings. There is nothing in the instant case to bring it within the

exception to that well established rule. The defendant did not join issue with the plaintiff upon any other theory, nor was the case tried by the parties upon any other theory.

The judgment should be reversed, and the cause remanded for a new trial. It is so ordered.