### 12434

### WILSON v. KEARSE

#### (148 S. E., 15)

1. EXECUTORS AND ADMINISTRATORS—SUFFICIENCY OF PROOF AND ITS CLEARNESS AND CERTAINTY HELD FOR JURY, IN ACTION AGAINST ESTATE FOR SERVICES RENDERED DECEASED.—Sufficiency of proof and its clearness, definiteness, and certainty *held* questions for jury, in action against estate to recover under contract for services rendered deceased.

2. PLEADING—ALLEGED MATERIAL VARIANCE IN PLAINTIFF'S TESTIMONY HELD NOT TO REQUIRE WITHDRAWAL OF ISSUES FROM JURY, WHERE DEFENDANT FAILED TO SHOW HE WAS MISLED (CODE CIV. PROC. 1922, §§ 432, 433).—Alleged material variance between plaintiff's pleading and proof *held* not to require withdrawal of issues from jury, where defendant failed to show to Court that he had been misled, under Code Civ. Proc. 1922, § 432, which, under such circumstances, permits amendment upon terms; immediate amendment being permitted under Section 433 where variance is immaterial.

3. APPEAL AND ERROR—ALLEGED FAILURE OF PROOF WAS NOT CONSIDERED ON APPEAL, WHERE POINT WAS NOT RAISED ON DEFENDANT'S MOTION FOR NONSUIT AND DIRECTED VERDICT (CODE CIV. PROC. 1922, § 434; CIRCUIT COURT RULE 77).—Where defendant's motions for nonsuit and for directed verdict were not made on ground that there was a total failure of proof, under Code Civ. Proc. 1922, § 434, but that point was raised for the first time on motion for new trial, question was not properly before Court on appeal and was not considered under Rule 77 of the Circuit Court.

Before SHIPP, J., Hampton, February, 1927. Affirmed.

Action by Mrs. Bessie Wilson against W. A. Kearse, as administrator of the estate of W. O. Thompson, deceased, in which Beatrice Kearse was appointed administratrix on the administrator's death and was substituted as party defendant. Judgment for plaintiff, and defendant appeals.

*Mr. Randolph Murdaugh,* for appellant, cites: *In action on a contract there must be a conformity between the pleading and the proof:* 13 C. J., 748, 750, 752; 1 Nott & McC., 589; 21 Mass., 422; 69 S. W., 384; 21 R. C. L., 608–9.

*Mr. George Warren,* for respondent, cites: *Pleadings liberally construed:* Sec. 420, Code Proc; 78 S. C., 81; 97 S. C., 162; 20 Conn., 38. *Material variances:* Sec. 432, Code Proc. *Immaterial variances:* Sec. 433, Code Proc. *What not deemed a variance:* Sec. 434, Code Proc. *Where verdict right on the merits the judgment will not be reviewed:* 3 Brev., 522; Sec. 439, Code Proc. 1 Nott & McC. overruled. *Admissibility of testimony as to oral contract with deceased:* Sec. 708, Code Proc. *General authorities:* 14 S. C., 1; 5 S. C., 5; 16 S. C., 387; 3 S. C., 401; 122 Pac., 825; 125 N. Y. S., 41; 115 N. W., 669; 103 S. W., 439; 107 S. W. 42; 115 S. W., 876; 191 F., 332; 127 Pac., 914; 130 Pac., 793; 149 N. W., 867; 129 Pac., 1190; 51 So., 906; 150 N. W., 901; 105 S. W., 1088; 137 S. W., 995; 122 S. W., 1129; 135 S. W., 1000; 104 Pac., 31; 122 Pac., 499; 133 Pac., 34; 152 S. W., 704; 102 Pac., 768; 151 Pac., 785; 93 Pac., 847.

April 23, 1928.

The opinion of the Court was delivered by Mr. Justice Stabler.

This action was brought against W. A. Kearse, as administrator of the estate of W. O. Thompson. After the trial of the case, Kearse died, and Beatrice Kearse was appointed administratrix of the estate and substituted as party defendant. The case originally involved three causes of action, but there is no appeal with reference to the first and third causes. The gist of the second cause is thus stated in the complaint:

"That on or about the 18th day of September, 1921, the said W. O. Thompson entered into a contract with the plaintiff whereby the plaintiff was to keep house for the said W. O. Thompson from that time up until the date of his death, and whereby the said W. O. Thompson was to pay to the plaintiff property equal in value to the sum of $5,000. That the plaintiff has fully performed her contract with the said

W. O. Thompson, having kept house for the said W. O. Thompson from the said date up until the time of his death. That no amount has been paid to the plaintiff for her services rendered as aforesaid, and that the sum of $5,000, or property equal in value thereto, is now due and owing to this plaintiff by the estate of the said W. O. Thompson."

At the close of the plaintiff's testimony a motion for a nonsuit was made on the following ground:

"That the evidence fails to establish the agreement alleged in the second cause of action by that measure of proof required by law in such cases. It is not sufficiently clear, definite, and certain to establish the said agreement set out in the second cause of action."

The motion was overruled, as was defendant's motion for a directed verdict made on the same ground at the close of all the testimony. The jury rendered a verdict for $3,000 in favor of the plaintiff. Defendant's counsel then made a motion for a new trial, as follows:

"As to the second cause of action, I take it that the defendant is entitled to a new trial on the same ground which I urged in the motion for a nonsuit and in the motion for a directed verdict, and also on the further ground that the plaintiff alleges one kind of contract and the testimony adduced on the stand to support that proved an entirely different kind of contract, and therefore we are entitled to a new trial on the second cause of action."

This motion was also refused.

Error is imputed to the Circuit Judge in refusing to grant the motions for a nonsuit, for a directed verdict, and for a new trial.

From the ground stated in the motions for a nonsuit and for a directed verdict, it may be inferred that appellant's counsel mistakenly considered the second cause of action as one for specific performance of a contract to convey land, and in making these motions had in mind the well-known rule that in such actions the testi-

mony establishing the contract must be clear, definite, and certain. However, we do not find in his argument any elucidation of this ground or reasoning or authority to support it. The motions as stated cannot be said to make the point that there was *no* evidence tending to establish the contract alleged in the complaint. Appellant's counsel recognized this when, after basing his motion for a new trial on this identical ground, he stated that he made the motion for a new trial also on a "further ground," amounting, as we shall see hereafter, to a contention that there was no evidence to prove the contract alleged in the complaint. In fact, the very statement of the ground under consideration impliedly admits, for the purpose of the motions based thereon, that there was *some* evidence tending to establish the contract, the point made going only to the measure of proof, its clearness, definiteness, and certainty, which under the pleadings were questions for the jury. The exceptions imputing error in refusing these motions are overruled.

What we have just said applies also with reference to the motion for a new trial in so far as that motion was based on the same ground as the motions for a nonsuit and for a directed verdict. But a "further" ground was advanced in the motion for a new trial. The complaint alleges that for her services in keeping house for Thompson he "was to pay to the plaintiff property equal in value to the sum of $5,000." Plaintiff's testimony tended to show that Thompson agreed to pay her for her services by giving her a specific piece of land, and that this land was worth $5,000 at the time her contract with him was made. The "further" ground relied on in the motion for a new trial was that the testimony proved an entirely different contract from that alleged in the complaint. The respondent contends that there was at most, a variance which did not mislead the appellant.

Sections 432, 433, and 434 of the Code of Civil Procedure are as follows:

"432. No variance between the allegation in a pleading and the proof shall be deemed material unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense, upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the Court, and in what respect he has been misled; and thereupon the Court may order the pleading to be amended, upon such terms as shall be just.

"433. Where the variance is not material, as provided in the last section, the Court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs.

"434. Where, however, the allegation of the causes of action or defense to which the proof is directed is not proved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance within the last two sections, but a failure of proof."

The discrepancy between the testimony and the allegations must constitute either a material variance under Section 432, an immaterial variance under Section 433, or a failure of proof under Section 434.

In *Ahrens v. Bank,* 3 S. C., 401, cited with approval in *Roundtree v. Railway Co.,* 72 S. C., 474; 52 S. E., 231, and *Citizens' Savings Bank v. Efird,* 96 S. C., 18; 79 S. E., 637, it is said:

"Under Section 192 [432], no variance is to be regarded as material unless it has actually misled the party, and in that case his remedy is to satisfy the Court immediately, by proof by affidavit, that he has been so misled. The effect of such proof is not to prevent the Court from allowing an amendment to such case, but to entitle the party prejudiced by such amendment either time or such other compensatory terms and conditions as may be reasonable. * * *

"If the party prejudiced by such variance does not take advantage of the remedy afforded by Section 192 [432], then, under Section 193 [433], it is the duty of the Court

to disregard the variance as immaterial, and either to order an immediate amendment, or to direct the fact to be found according to the evidence."

If the appellant considered the discrepancy between the allegations and the testimony as a material variance, he failed to take advantage of his remedy by showing to the satisfaction of the Court that he had been misled by such variance; on the contrary, he undertook to establish by the testimony of several witnesses that a contract entirely different from that attempted to be proved by the respondent had been made between the respondent and Thompson. Under these circumstances, the trial Judge submitted the issues to the jury under the evidence.

In the *Ahrens case, supra,* the Court said further:

"Section 194 [434] was intended to guard against the application of Sections 192 [432] and 193 [433] to cases which are not, properly speaking, cases of variance, but where the party has proved, on the trial, a state of facts foreign to the allegations of the pleadings, and having the effect to leave the facts alleged in the pleadings unproved in their 'entire scope and meaning.' "

In the present case, it is apparent that on the motion for a new trial appellant's counsel considered the discrepancy, not as a variance, but as a failure of proof under Section 434. The language of his "further" ground of the motion for a new trial is susceptible of no other meaning than that the discrepancy constituted such a failure, which in effect makes the point that there was no evidence to support the alleged cause of action. This point, however, was not made either on the motion for a nonsuit or on the motion for a directed verdict. Rule 77 of the Circuit Court provides:

"The point that there is no evidence to support an alleged cause of action shall be first made either by a motion for nonsuit or a motion to direct the verdict."

The appellant having failed to make the motion for a nonsuit or the motion for a directed verdict on this ground —the point having been first made on the motion for a new trial—that question is not properly before this Court and will not be considered. *Builders' Lumber & Supply Co. v. Cheek,* 139 S. C., 299; 137 S. E., 734. *Rogers v. Wunderlich,* 135 S. C., 307; 133 S. E., 545. *Scott v. Seymour,* 105 S. C., 42; 89 S. E., 398. *Bellamy v. Grand Lodge,* 110 S. C., 315; 96 S. E., 293. *Sawyer. v. Lumber Co.,* 83 S. C., 271; 65 S. E., 225. We are the more content with this disposition of the matter because we feel, on a consideration of the entire record, that the verdict of the jury did substantial justice in the cause.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.