**KENNEDY LUMBER CO. v. RICKBORN et al.**

No. 2928.

Circuit Court of Appeals, Fourth Circuit.

April 8, 1930.

Robert McC. Figg, Jr., of Charleston, S. C. (R. Lon Weeks, of St. George, S. C., and Simeon Hyde and Hyde, Mann & Figg, all of Charleston, S. C., on the brief), for appellant.

W. Herman Pearcy, of St. George, S. C. (St. Clair Muckenfuss, of St. George, S. C., on the brief), for appellees.

Before WADDILL and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

HAYES, District Judge.

■ (1) This case presents two questions for review: The refusal of the court to direct a verdict for the plaintiff for that there is not sufficient evidence to justify a verdict in favor of the defendants upon any item of the counterclaim; (2) a general exception to the entire charge on the counterclaim. The appellant (plaintiff) brought an action against the defendants to recover the balance due on notes executed for advances made by the plaintiff to the defendants. The defendants denied any indebtedness and alleged that the money was advanced for lumber which was to be manufactured by the defendants under a written contract and that the defendants had manufactured and delivered to the plaintiff sufficient lumber to pay off the notes. The answer also alleged a counterclaim against the plaintiff in which it is alleged that the defendants, pursuant to a written contract between them and the plaintiff, manufactured hardwood lumber for the plaintiff, who in turn was required to advance $25 per thousand feet to the defendants; that said lumber became the property of the plaintiff to receive and sell the same, deducting such advances with costs of handling and selling and pay over to the defendants the surplus. "That, in breach of the said contract, the plaintiff took possession of about 200,000 feet of the lumber cut under and according to the said contract and converted the same to their own use, refusing to account to or pay the defendants therefor; and also refused to receive about 200,000 feet of hardwood lumber which was cut pursuant to the said contract and which now lays upon the yards of the defendants at St. George, South Carolina, having been torn down from the stack by the plaintiff and left in the weather to deteriorate." Defendants demand damage in the sum of $25,000 for the breach of the said contract as above stated.

The evidence shows that the defendants have received credit for all of the lumber which the plaintiff accepted, and the plaintiff recovered $7,826.28 against defendants as the balance due on the notes, to which there is no exception. The controversy arises over the lumber which was not received by the plaintiff. The evidence indicates that the quantity of this lumber left on the yards was estimated at from 50,000 to 240,000 feet, and all of the evidence shows that this lumber stained and rotted because of the way it was piled in the hacks. The contract provided that the lumber should be hacked by the defendants under the direction of the plaintiff,

but the title to the lumber remained in the defendants, and the plaintiff was only an agent to sell the lumber and was under no obligations to sell any lumber except such as met the standard requirements in accordance with the rules of the National Lumbermen's Association.

There was no allegation that plaintiff was under any duty, expressed or implied, to direct the method of hacking the lumber, nor that the lumber stained and rotted, thus damaging defendants, by reason of a breach of said duty.

At the close of the evidence the plaintiff moved for a directed verdict in favor of the plaintiff upon all of the issues in the case, and among other grounds assigned this cause, "that as to defendant's counterclaim there is no evidence as to any amount of damage suffered by defendants, and no sufficient evidence to justify a verdict in favor of the defendants upon any item of said counterclaim." The motion was overruled and exception taken.

This case was tried in South Carolina, and under the Conformity Act, title 28, section 724, USCA, the practice, pleadings, forms, and modes of proceedings existing in that state control, subject to certain exceptions. Its Code of Civil Procedure has three sections applicable to variance:

"Sec. 432. No variance between the allegation in a pleading and the proof shall be deemed material unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense, upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the Court, and in what respect he has been misled; and thereupon the Court may order the pleading to be amended, upon such terms as shall be just.

"Sec. 433. Where the variance is not material, as provided in the last Section, the Court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs.

"Sec. 434. Where, however, the allegation of the causes of action or defense to which the proof is directed is not proved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance within the last two Sections, but a failure of proof."

It further appears that Rule 77 of the Circuit Court of South Carolina provides: "The point that there is no sufficient evidence to support an alleged cause of action shall be first made either by a motion for non-suit or a motion to direct the verdict."

██ Where the motion is not made until a motion for a new trial it comes too late. Wilson v. Kearse, 145 S. C. 155, 143 S. E. 15. Under the federal practice an appellate court will not consider the question of the sufficiency of evidence in the absence of a request for an instructed verdict. McCannon v. United States (C. C. A.) 22 F.(2d) 806; Clements et al. v. United States (C. C. A.) 297 F. 206.

The first question for determination is whether there is a mere variance between the allegations and proof or whether it is an entire failure of proof. Sections 432 and 433, S. C. Code, relate to material and immaterial variances and the practice to be pursued in such cases, but section 434 expressly provides that where the allegation of the causes of action to which the proof is directed is not proved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance within the last two sections, but a failure of proof. It is clear that the last section is intended to cover cases which are not, properly speaking, cases of variance, and that the last section operates as a check against the two preceding sections. The last section embraces this case where the party has proved on trial a state of facts supporting a cause of action not stated in the pleadings and failed to prove the facts alleged in the pleadings in their entire scope and meaning. Ahrens v. Bank, 3 S. C. 410; Roundtree v. Charleston & Western Carolina Railway Co., 72 S. C. 474, 52 S. E. 231; Fanning v. Stroman, 113 S. C. 495, 101 S. E. 861; Heiden v. Atlantic Coast Line Railway Co., 84 S. C. 117, 65 S. E. 987, 988.

In the last case cited it is said: "The rule is well settled that the burden of proof is upon the party who makes an allegation of fact. The converse of the proposition is likewise true. He upon whom rests the burden of proof must make the necessary allegation." In that case evidence was admitted without objection in support of the cause of action or defense alleged, and it was held that the evidence was irrelevant and it was the duty of the trial judge to confine the issues submitted to the jury to those made by the pleadings.

██ It is error to submit a case to a jury on issues not raised by the pleadings. Union Pacific Railway Co. v. Garner (C. C. A.) 24 F.(2d) 53; Hercules Powder Co. v. Rich (C.

C. A.) 3 F.(2d) 12; Himrod v. Ft. Pitt Min. & Mill. Co. (C. C. A.) 238 F. 746; Lamson v. Beard (C. C. A.) 94 F. 30, 45 L. R. A. 822; Hines v. Jasko (C. C. A.) 266 F. 336.

It would appear that a nonsuit should have been granted under the practice as it prevails in South Carolina, Huggins v. Watford, 38 S. C. 504, 17 S. E. 363. Under the South Carolina Code it would not have been permissible to amend the counterclaim during or after trial, by striking out allegations and inserting allegations to conform to the proof, because it would have resulted in striking out one, and substituting another, cause of action which is expressly forbidden by section 436 of the Code. Hall v. Woodward, 30 S. C. 564, 9 S. E. 684; Colt v. Kyzer, 131 S. C. 78, 126 S. E. 520; Clio Gin Co. v. Western Union Telegraph Co., 82 S. C. 405, 64 S. E. 426; Heiden v. Railway Co., supra. The section does not preclude the court from permitting an amendment before the trial.

█ We are assuming, of course, that the counterclaim is a cross-action and that it should at least set forth sufficient allegations of fact to state a cause of action, Kauffman Milling Co. v. Stuckey, 37 S. C. 7, 16 S. E. 192. This circuit laid down the rule that the allegation of facts sufficient to constitute a cause of action in a counterclaim is governed by the same principle, with respect to its sufficiency, as a complaint, for a counterclaim is a cross-action. Davis v. Bessemer City Cotton Mills (U. S. C. C. A. N. C.) 178 F. 784.

It seems that the Code of South Carolina is worded like the Code of New York with respect to pleadings, and the Supreme Court of the United States, in Wilson v. Haley Live-Stock Co., 153 U. S. 39, 14 S. Ct. 768, 38 L. Ed. 627, in passing on an appeal from that state held that where a cause of action is not proven, not merely in some particular, but in its entire scope and meaning, the courts treat it, not as a case of variance, but as an entire failure of proof.

█ Generally, if evidence is admitted without objection to prove a fact imperfectly pleaded, the defect will be deemed waived. Liverpool & London Insurance Co. v. Gunther, 116 U. S. 113, 6 S. Ct. 306, 29 L. Ed. 575. But this rule has no application where the pleading entirely fails to state a cause of action, or where the evidence supports a cause of action not alleged. It is true that the courts are constantly endeavoring to eliminate mere technicalities and to exercise great latitude in order to mete out justice on the merits. However, it thwarts, rather than promotes,

justice to permit a recovery on a cause of action proved but not alleged. In our zeal to relax the rigidity of the rules of pleading in favor of the pleader, we should not forget that the opposing party has some rights which should be respected. The purpose of the pleading is to state a cause or causes of action in order to apprise the opposing party of the demand against him, and to the end that, if issue be joined and tried, the matter in issue may be finally adjudicated. Neither the courts nor the legislatures of the states which have adopted the Code practice have ventured to dispense with the requirements of pleadings.

When we test the counterclaim in this case by the principles deduced from the authorities above cited, we must conclude that it does not state the cause of action proved in the trial. The cause of action proved was not alleged. Union Pacific Railway Company v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983; see also Charles A. Andrews v. Biddle A. Marsden, 278 Pa. 56, 122 A. 171, 29 A. L. R. 636, Note.

█ It is not only the duty of the trial judge in the federal courts to determine the preliminary question of sufficiency of substantial evidence to take the case to the jury, but he must determine whether there is substantial evidence to support the material allegations of the pleadings. The Conformity Act (28 USCA § 724) does not deprive the trial judge of this duty.

"It is now a settled rule in the courts of the United States that whenever, in the trial of a civil case, it is clear that the state of the evidence is such as not to warrant a verdict for a party, * * * it is the right and duty of the judge to direct the jury to find according to the views of the court. * * * And this rule is not subject to modification by state statutes or Constitutions." Barrett v. Virginian Railway Co., 250 U. S. 473, 476, 39 S. Ct. 540, 541, 63 L. Ed. 1092.

The rule is again stated in Gunning v. Cooley, 50 S. Ct. 231, 233, 74 L. Ed. ——, opinion filed March 12, 1930, as follows: "The decisions establish a more reasonable rule 'that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'" Flannagan v. Provident Life & Accident Insurance Co. (C. C. A.) 22 F.(2d) 136.

The general assignment of error that the court erred in overruling a motion for a directed verdict, made at the close of all of the evidence, is sufficient, where the motion was on the ground that there was no substantial evidence to sustain the cause of action alleged. Metropolitan Life Insurance Co. v. Hartman (C. C. A.) 174 F. 801; Casey-Hedges Co. v. Oliphant (C. C. A.) 228 F. 636.

We shall not consider the exceptions taken to the entire charge of the court on the counterclaim. A general exception to the entire charge will not be considered by an appellate court and presents no question for review. Holder v. United States, 150 U. S. 91, 14 S. Ct. 10, 37 L. Ed. 1010; Van Stone v. Stillwell & Bierce Manufacturing Co., 142 U. S. 128, 135, 12 S. Ct. 181, 35 L. Ed. 961; Newman v. Virginia, T. & C. Steel & Iron Co. (C. C. A.) 80 F. 228.

There are numerous decisions holding that a question of law proposed to be reviewed must be raised by "specific, precise, direct and unambiguous objections so taken as clearly to afford the trial judge an opportunity for revising his ruling." A bill of exceptions not fulfilling this test will not support an assignment of error. De Jianne v. United States (C. C. A.) 228 F. 737; Monument Pottery Co. v. Imperial Coal Corporation (C. C. A.) 21 F.(2d) 683; McDermott v. Severe, 202 U. S. 600, 610, 26 S. Ct. 709, 50 L. Ed. 1162.

"The primary and essential function of an exception is to direct the mind of the trial judge to a single and precise point in which it is supposed that he has erred in law, so that he may reconsider it and change his ruling if convinced of error, and that injustice and mistrials due to inadvertent errors may thus be obviated. An exception, therefore, furnishes no basis for reversal upon any ground other than the one specifically called to the attention of the trial court." United States v. United States Fidelity & Guaranty Co., 236 U. S. 512, 529, 35 S. Ct. 298, 303, 59 L. Ed. 696.

The court below erred in refusing to grant the motion for a directed verdict, and its judgment is accordingly reversed, and a new trial ordered.

Reversed.

WADDILL, Circuit Judge, presided at the hearing of this case and concurred in the conclusion reached, but, owing to illness, did not participate in the preparation of the opinion.